

**Littler Mendelson, P.C.**
900 Third Avenue
New York, New York 10022.3298

Kevin K. Yam
Shareholder
212.583.2674 direct
212.583.9600 main
kyam@littler.com

June 6, 2025

Hon. Margo K. Brodie
Chief U.S. District Judge
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Wang v. Chung Fat Supermarket Inc. et al.*, Case No. 1:25-cv-02236-PK

Dear Chief Judge Brodie:

We represent Defendants Chung Fat Supermarket Inc., Yue Mei Jiang, Xue Fen Jiang, and Xinyu Jiang ("Company Defendants") in this action. We write pursuant to Your Honor's Individual Rules 3.A to request a premotion conference concerning Company Defendants anticipated motion to dismiss this action for lack of jurisdiction, failure to prosecute, and failure to state a claim.

This action was initiated in the Supreme Court of the State of New York, Queens County on March 6, 2025, by Plaintiff filing a Summons with Notice. Company Defendants removed the action to this Court on April 22, 2025. To date, Plaintiff still has not filed a Complaint, nor has Plaintiff served the Summons upon any of the Company Defendants.

Company Defendants wrote to Plaintiff's counsel on April 22, May 5, May 12, May 20, and May 22 to request that a complaint be filed and received no response. On May 27, Company Defendants were able to reach Plaintiff's counsel by phone, and he stated that he had been physically unwell for several days and requested until June 10 to file the Complaint. The following day, Defendants advised that they did not agree to this timeline, which would have the Complaint filed 7 weeks after the case was removed and almost 14 weeks after the Summons was filed. Company Defendants demanded that Plaintiff file the Complaint by 5pm on May 30, which he failed to do. In response, Company Defendants filed a letter motion to Magistrate Judge Kuo requesting that a District Judge be assigned to allow Company Defendants to move to dismiss the action. Dkt. No. 8. Judge Kuo granted Company Defendants' letter motion on June 4. As Plaintiff still has not filed a Complaint, Company Defendants now seek to move for dismissal of the action.

Filing a complaint is a fundamental requirement to bring a civil action. In federal court, an action cannot be commenced without filing a complaint. Fed. R. Civ. P. 3. In New York state court, where Plaintiff initiated this action, a summons may be served without a complaint, but Plaintiff must

Hon. Margo K. Brodie
June 6, 2025
Page 2

serve a complaint within 20 days after defendants have appeared or made a written demand for the complaint, and courts may dismiss actions for failure to serve a complaint. NY CPLR 3012(b).

Under any metric, Plaintiff has failed to satisfy his obligation to file a Complaint. Plaintiff has not filed a complaint in the nearly 7 weeks since this action was removed to federal court. In the state court action, the undersigned entered an appearance for the Company Defendants on April 22, 2025, when filing their notice of removal, and sent a written demand that the complaint be filed the same day. Thus, under the state rules, the Complaint would have been due by May 12, 2025.

Plaintiff's failure to file a Complaint provides multiple bases for dismissal of the action under Fed. R. Civ. P. 12(b)(1) (lack of subject-matter jurisdiction), 12(b)(6) (failure to state a claim upon which relief can be granted), and 41(b) (failure to prosecute).

Without a complaint being filed, the Court lacks jurisdiction over the action and cannot grant relief. *Nelson v. Helmick*, No. 17-CV-6564 MAT, 2017 WL 3613484, at *1 (W.D.N.Y. Aug. 23, 2017) ("'Prior to the filing of a complaint a court lacks subject matter jurisdiction. . . .'") (quoting *Williams v. State Univ. of N.Y.*, 635 F. Supp. 1243, 1246 (E.D.N.Y. 1986)).

Further, without a Complaint alleging facts to support his claims, Plaintiff has not stated any claim upon which relief can be granted. *Coney v. Doe*, No. 18-CV-11292 (LLS), 2019 WL 3287082, at *3 (S.D.N.Y. July 18, 2019) ("If Plaintiff fails to comply [with the Court's order to file a complaint] within the time allowed, and he cannot show good cause to excuse such failure, the action will be dismissed for failure to state a claim upon which relief may be granted.").

Finally, Plaintiff's failure to meet the basic requirements to pursue his claims or to comply with Fed. R. Civ. P. 3 demonstrates a failure to prosecute the action. *Este-Green v. Bank of Am. Corp.*, No. 18-CV-07413-JFB-AYS, 2019 WL 13236156, at *2 (E.D.N.Y. Feb. 4, 2019) (dismissing an action where plaintiff failed to file a complaint for failure to prosecute under Fed. R. Civ. P. 41(b)).

Courts in this Circuit have more commonly addressed a failure to file a complaint with respect to *pro se* plaintiffs, and in some cases have granted leniency to plaintiffs to have additional time to file a complaint because of their *pro se* status. *See, e.g.*, *Coney*, 2019 WL 3287082, at *3; *Beaman v. Hum. Res. Admin.*, No. 24-CV-10071 (LTS), 2025 WL 93002, at *1 (S.D.N.Y. Jan. 8, 2025) ("If Plaintiff does not file a complaint within the time prescribed, the Court will dismiss this action."). However, Plaintiff is not entitled to any such leniency because he is represented by counsel who should be more than familiar with Plaintiff's obligation to file a complaint. Thus, the Court should not hesitate to dismiss the Complaint.

For these reasons, Company Defendants seek to dismiss the action, and request a premotion conference concerning the same. We thank the Court for its time and consideration of this request.

Sincerely,

*/s/ Kevin K. Yam*

Kevin K. Yam