# JAMES SCOTT YOH

*Attorney and Counselor at Law*
3000 Marcus Avenue, Suite 3w8
Lake Success, New York 11042
Telephone: 917-719-5388
Direct: 516-303-1360
Facsimile: 917-341-1121
Email: yohlaw@gmail.com

June 11, 2025

<u>BY ECF</u>
Hon. Margo K. Brodie
Chief U.S. District Judge
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   <u>Wang v. Chung Fat Supermarket Inc. et al.</u>, Case No. 1:25-cv-02236-PK

Dear Chief Judge Brodie:

    I represent the plaintiff in the referenced action. This letter is in response to the two-page letter sent to Your Honor by attorney Kevin Yam, representing the defendants, seeking a pre-motion conference for a dismissal motion. Mr. Yam's letter, as elaborated upon below, exemplifies the rudeness of many lawyers who believe they can bulldoze anyone in their path.

    The plaintiff was an employee of the various defendants. The nature of this action is violations of New York Labor Law, violations of 26 USC § 7434, violations of NYSHRL, torts, and other related causes of action. This action was originally commenced in New York Supreme Court, County of Queens, on or about March 8, 2025. *To date, no defendants have been served.*

    Mr. Yam's letter acknowledges that he was notified that I was "physically unwell." As known by Mr. Yam and manipulatively not disclosed by him, I informed his associate, Mr. Vinay Patel, that immediately after becoming very ill with a norovirus, I contracted serious pneumonia. My conversation with Mr. Patel, was conducted from my sick bed, and was marred by my frequent coughing. Although most of my symptoms from pneumonia have abated, my cough has actually persisted to date. Unlike Mr. Yam, I am a

solo practitioner and have no associates to delegate my work. Mr. Yam, a shareholder of a very large law firm self-described by it on its website as "the largest law practice in the world," is considerably younger than me and obviously has not yet been afflicted with a serious illness, which may account for his obvious lack of compassion or empathy.

As a legal matter, I do not believe that the defendants -- without being served -- have the right to demand a complaint. I also respectfully contend that, under 28 U.S.C. section 1446(b), *the action was improperly removed from the state court since the defendants were never served.*

To avoid further motion practice, and not to belabor this issue, we will, with the Court's review and approval, serve the defendants with the summons and complaint in the next 60 days.

Respectfully yours,

James Scott Yoh

JSY/ms