

**Littler Mendelson, P.C.**
900 Third Avenue
New York, New York 10022.3298

**Kevin K. Yam**
Shareholder
212.583.2674 direct
212.583.9600 main
kyam@littler.com

June 11, 2025

Hon. Margo K. Brodie
Chief U.S. District Judge
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Wang v. Chung Fat Supermarket Inc. et al.*, Case No. 1:25-cv-02236-PK

Dear Chief Judge Brodie:

We represent Defendants Chung Fat Supermarket Inc., Yue Mei Jiang, Xue Fen Jiang, and Xinyu Jiang ("Company Defendants") in this action. We write in response to the inflammatory and wholly inappropriate personal attacks made in Plaintiff's response this morning to Company Defendant's June 6, 2025 premotion letter. *See* Dkt. No. 10.

Company Defendants explained in their premotion letter that they had written to Plaintiff's counsel several times over the course of seven weeks to demand that a complaint be filed, yet Plaintiff still had not filed a complaint. *See* Dkt. No. 9. Company Defendants received no response at all for five weeks until Plaintiff's counsel responded to our phone call on May 27. Because Plaintiff failed to file a complaint and could not commit to doing so in a timely manner, Company Defendants had no choice but to bring this issue to the Court's attention and seek the appropriate relief of dismissal.

In response, Plaintiff's counsel submitted a letter consisting primarily of attacks and incorrect assumptions about me as an individual. Whether or not the Court finds Plaintiff's counsel's illness to be a sufficient excuse for Plaintiff's failure to file a complaint, and I certainly wish him good health, the remarks made in his letter ***have no place before a courtroom***. It is particularly offensive that Plaintiff's counsel would suggest that ***because of my age***, I would have a "lack of compassion or empathy" or not have experience with serious illness. Dkt. No. 10. Further, it would not be appropriate for me to disclose the private medical information of Plaintiff's counsel to the Court; the idea that this is somehow manipulative is confounding. Contrary to Plaintiff's counsel's assertion, Company Defendants have not tried to "bulldoze" Plaintiff. *Id.* Company Defendants patiently awaited the complaint for nearly two months before raising this issue with the Court, but Company Defendants have the right to seek the appropriate relief for Plaintiff's failure to comply with the applicable procedural rules.

Hon. Margo K. Brodie
June 11, 2025
Page 2

On a separate note, Plaintiff's counsel has also flagrantly misquoted the website for my firm, which describes Littler as "the largest global employment and labor law practice devoted exclusively to representing management," not "the largest law practice in the world." *Compare* Littler, https://www.littler.com/ (last visited June 11, 2025) *with* Dkt. No. 10.

With respect to the substance of Plaintiff's letter, Plaintiff wrongly uses his failure to timely serve a complaint to claim Company Defendants have no ability to mount a defense.[1] 28 U.S.C. 1446(b) imposes no requirement that a party be served before filing a notice of removal, and it was apparent from the Summons that the action was removable. Additionally, for reasons explained in the premotion letter, it was appropriate for Company Defendants to demand a complaint, and irrespective of this demand, the action cannot be maintained before this court if a complaint is not filed. *See* Dkt. No. 9. Finally, Plaintiff's request for an additional 60 days to serve the summons and complaint is totally unreasonable. Of note, Plaintiff's counsel stated on the May 27 call that he would be able to file a complaint by June 10, but he has missed this self-imposed deadline. If Plaintiff is not ready to move forward with this action, it should not be before the Court.

For these reasons, Company Defendants maintain that the action should be dismissed, and request the Court issue a strong instruction to Plaintiff's counsel to refrain from making further personal attacks against counsel. We thank the Court for its time and consideration of this request.

Sincerely,

*/s/ Kevin K. Yam*

Kevin K. Yam

---

[1] Company Defendants certainly have the ability to seek dismissal before being served, as the Federal Rules of Civil Procedure contemplate motions to dismiss for failure to timely serve a defendant. See Fed. R. Civ. P. 4(m), 12(b)(5).