**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SHENGMENG WANG,

Plaintiff,

-against-

CHUNG FAT SUPERMARKET INC., YUE MEI JIANG, ZHI LIANG CHEN, XUE FEN JIANG, and XIN XIN CHIANG,

Defendants.

Case No. 1:25-cv-02236-MKB-

**PROOF OF SERVICE ON DEFENDANT CHUNG FAT SUPERMARKET INC.**

I declare that I am not a party to the above-entitled action, and I am over 18 years of age. I served the attached summons and complaint on defendant CHUNG FAT SUPERMARKET INC. by handing them to and leaving true and correct copies thereof with Mr. Dongfang Li, who identified himself to me as the Manager of the entire CHUNG FAT SUPERMARKET INC., at 41-82 Main Street, Flushing, in Queens County, New York 11355, on July 16, 2025, at approximately 3:20 p.m. Mr. Li further stated that he was authorized to accept service of process for the aforementioned defendant.

On the same day, at 3:43 pm, I also served defendant CHUNG FAT SUPERMARKET INC. by mailing and depositing a true and correct copy of said summons and complaint with Postal Clerk Jebin (female) at the Main Post Office for Queens at 41-65 Main Street, Flushing, New York 11355-9998, to the following address: 41-82 Main Street, Flushing, New York 11355.

I declare under the penalty of perjury that the foregoing is true and correct. This declaration is executed on July 20, 2025, at Flushing, New York.

Howard L. Wieder
c/o James S. Yoh
Attorney for Plaintiff
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 303-1350 (office)
Email: yohlaw@gmail.com

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

EASTERN DIST. OF NEW YORK

| | | |
|---|---|---|
| SHENGMENG WANG<br>*Plaintiff(s)*<br>v.<br>CHUNG FAT SUPERMARKET INC., YUE MEI JIANG, ZHI LIANG CHEN, XUE FEN JIANG, and XIN XIN CHIANG,<br>*Defendant(s)* | ) | Civil Action No. 25-cv-02236-MKB-P |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* See Rider

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

James Scott Yoh
Attorney for Plaintiff
3000 Marcus Avenue
Suite 3w8
Lake Success, NY 11042

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Brenna B. Mahoney
*CLERK OF COURT*

Date: 7/16/2025

C. Frunzi
*Signature of Clerk or Deputy Clerk*

# RIDER TO SUMMONS

CHUNG FAT SUPERMARKET INC.
41-82 Main Street
Flushing, NY 11354

YUE MEI JIANG
1570 Old Cedar Swamp Road
Brooksville, NY 11545

ZHI LIANG CHEN
c/o CHUNG FAT SUPERMARKET INC.
41-82 Main Street
Flushing, NY 11354

XUE FEN JIANG
c/o CHUNG FAT SUPERMARKET INC.
41-82 Main Street
Flushing, NY 11354

XIN XIN CHIANG
c/o CHUNG FAT SUPERMARKET INC.
41-82 Main Street
Flushing, NY 11354

Case 1:25-cv-02236-MKB-PK Document 1 Filed 04/22/25 Page 1 of 14 PageID #: 6

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SHENGMENG WANG,

Plaintiff,

-against-

CHUNG FAT SUPERMARKET INC., YUE MEI JIANG, ZHI LIANG CHEN, XUE FEN JIANG, and XIN XIN CHIANG,

Defendants.

Case No. 1:25-cv-02236-MKB

**COMPLAINT**

Plaintiff SHENGMENG WANG ("Wang" or "Plaintiff"), by his attorney JAMES SCOTT YOH, ESQ., complaining of the defendants CHUNG FAT SUPERMARKET, INC. ("Chung Fat Inc."), ZHI LIANG CHEN ("Defendant Chen"), YUE MEI JIANG ("Defendant Yue"), XIN XIN CHIANG ("Defendant Chiang"), and XUE FEN JIANG ("Defendant Fen"), alleges:

**NATURE OF THE CLAIMS**

1. Plaintiff brings this Complaint against Defendants Chung Fat Inc., Chen, Yue, Chiang, and Fen (collectively hereinafter "Defendants"), for:

a. Unpaid overtime wages in violation of the New York Labor Law ("NYLL");

b. Failure to Provide a Time of Hire Wage Notice in Violation of NYLL 195(1);

c. Failure to Provide Accurate Wage Statements in Violation of NYLL 195(3);

d. Fraudulent Filing of Information Returns in violation of 26 U.S.C. § 7434;

e. Retaliation in violation of the New York State Human Rights Law, New York Executive Law § 296 *et seq.* ("NYSHRL"); and

f. Retaliation in violation of the New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL").

2. Plaintiff is a resident of Queens County, New York.

3. Chung Fat Inc. is a domestic corporation organized under the laws of the State of New York, with an address for service of process located at 41-82 Main Street, Flushing, NY 11354. Chung Fat Inc. is the corporate entity that operates Chung Fat Supermarket located at 41-82 Main Street, Flushing, NY 11354.

4. Defendant Chen is a resident of Queens County, State of New York**.**

5. Defendant Yue is a resident of Nassau County, State of New York.

6. Defendant Fen is a resident of Queens County, State of New York**.**

7. Defendant Chiang is a resident of Queens County, State of New York**.**

8. Defendant Yue exercised operational control over all employees of Chung Fat Inc., including the Plaintiff. Defendant Yue frequently visited Chung Fat Inc. and exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment, including Plaintiff. During Plaintiff's employment, employees could complain to Defendant Yue directly regarding any of the terms of their employment, and Defendant Yue would have the authority to effect any changes to the quality and terms of employees' employment,

including changing their schedules, compensation, terminating, or hiring such employees. Defendant Yue had the power and authority to supervise and control the supervisors of Plaintiff, and could reprimand employees.

9. Defendant Fen exercised operational control, except for Defendant Yue, over all employees of Chung Fat Inc., including the Plaintiff. Defendant Fen exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment, including Plaintiff. During Plaintiff's employment, employees could complain to Defendant Fen directly regarding any of the terms of their employment, and Defendant Fen would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedules, compensation, terminating, or hiring such employees. Defendant Fen had the power and authority to supervise and control the supervisors of Plaintiff, and could reprimand employees.

10. Defendant Chen exercised operational control, except for Defendants Yue and Fen, over all employees of Chung Fat Inc., including the Plaintiff. Defendant Chen worked on site and exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment, including Plaintiff. Defendant Chen had the power and authority to supervise and control the supervisors of Plaintiff, and could reprimand employees.

11. Upon information and belief, Defendant Chiang exercised operational control, except for Defendants Yue, Chen, and Fen, over all employees of Chung Fat Inc., including the Plaintiff. Defendant Chiang exercised the power to (i) fire and hire, (ii)

Case 1:25-cv-02236-NKB-PK Document 1 Filed 07/15/25 Page 8 of 18 PageID #: 59

determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment, including the Plaintiff.

12. Upon information and belief, Defendant Fen is the wife or domestic partner of Defendant Chen.

13. Upon information and belief, Defendant Chiang is the niece of Defendant Yue.

14. Upon information and belief, Defendant Fen is the niece of Defendant Yue.

15. At all times relevant to this action, Defendants were a joint employer and/or single integrated employer with respect to Plaintiff.

16. Plaintiff was employed at Chung Fat Inc. from on or about August 10, 2021, to on or about March 8, 2022, as a night-shift manager.

17. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

18. At all relevant times, Defendants employed at least 20 employees within the meaning of the NYSHRL, NYCHRL, and NYLL.

19. At all relevant times, Defendants were Plaintiff's employer within the meaning of the NYSHRL, NYCHRL, and NYLL.

20. Defendants were a covered employer as that term is defined by the NYSHRL, NYCHRL, and NYLL.

## JURISDICTION

21. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under Title 26 of the Internal Revenue Code.

## FACTS

***Wage & Tax Related Claims***

22. Plaintiff was employed as a night-shift manager at Chung Fat Inc. from on or about August 3, 2021, until on or about March 9, 2022.

23. Plaintiff's weekly schedule was from approximately nine (9) hours per day, six (6) days per week, less a daily break lasting thirty (30) minutes (*i.e.* approximately fifty-four (54) hours per week).

24. From the start of his employment until on or about December 31, 2021, Plaintiff was paid a flat weekly salary of $1,000 per week.

25. During 2022 through the end of his employment, Plaintiff was paid a flat weekly salary of $1,200 per week.

26. The minimum weekly salary, however, that must be paid to any exempt managerial employees, pursuant to the NYLL, during the relevant time period, was $1,125.00 per week.

27. Although Plaintiff regularly worked no less than approximately fifty-four (54) hours per week, Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, constituting a plain and blatant violation of the overtime provisions contained in the NYLL.

28. Defendants improperly compensated Plaintiff, as such, on a salary basis below the minimum threshold, in order to classify him as exempt from the NYLL's overtime provisions.

29. Plaintiff was paid a flat weekly amount regardless of the hours that he worked.

30. Plaintiff was paid part of his wages in cash and part in checks.

31. Although Plaintiff was provided a paystub indicating he was paid hourly, this was not accurate. Instead, he was intentionally, deliberately, and fraudulently paid part of his wages in cash, as a means to disguise Defendants' violation of law by paying him a flat weekly salary.

32. Since Plaintiff was paid in part in cash, however, he was not provided with accurate wage statements (*e.g.,* paystubs) in violation of the NYLL.

33. Defendants also failed to provide Plaintiff with wage notices at hiring or at any time thereafter, in violation of the NYLL.

34. Defendants did not require Plaintiff to clock in or out for the hours that he worked, or otherwise record his hours worked.

35. Upon information and belief, Defendants, moreover, willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of Plaintiff's employment, as required by the NYLL.

36. Based on the conduct outlined above, Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff pursuant to the NYLL.

37. The wages paid to Plaintiff in cash, furthermore, were deliberately and intentionally not included on his paystub, and they were not contained in the W-2 tax documentation provided to Plaintiff by Defendants.

Case 1:25-cv-02236-MKB-CHK Document 1 Filed 07/22/25 Page 7 of 15 PageID #: 42

38. Defendants, similarly, deliberately and intentionally did not report cash payments to the appropriate tax authorities, and they also deliberately and intentionally failed to file any documentation regarding the cash payments with the appropriate tax authorities. Instead, as part of their manipulative and fraudulent attempt to cheat federal and state tax authorities and the Plaintiff, the Defendants reported only the check portion of Plaintiff's wages in their tax filings.

***Retaliation Claim***

39. On December 11, 2021, a female cashier who worked at Chung Fat Inc., Shun Zhang Zhao ("Zhao"), complained to Plaintiff that she had been subjected to unwanted and unconsented to sexual abuse, harassment, and physical groping by Defendant Chen.

40. Defendant Chen's actions were, in fact, captured and could be viewed on Chung Fat Inc.'s security camera footage.

41. Upon hearing Zhao's complaint, Plaintiff then accompanied her to the office of Defendant Fen, the General Manager of Chung Fat Inc.

42. While in Defendant Fen's office, Zhao was crying uncontrollably, at which time the Plaintiff attempted to console her, including giving her a hug as a well-intentioned, morally supportive gesture.

43. On December 11, 2021, the New York Police Department was later called to the scene, spoke with witnesses, and attempted to arrest Defendant Chen.

44. Rather than investigate the sexual assault and pervasive sexual harassment of female employees that Defendant Chen was known to engage in, Defendants (a)

attempted to cover up the incident by directing Plaintiff to delete the security footage of the sexual assault -- which he refused, and (b) intentionally subjected the Plaintiff to an unlawful campaign of patently vindictive retaliation for supporting the victim of sexual harassment.

45. Plaintiff was married at the time of the December 11, 2021 incident. Video surveillance footage of Plaintiff's well-intentioned action of boosting the frightened Zhao's moral courage to report Defendant Chen's unconsented to sexual aggression was deliberately edited out of context. Defendants later circulated, shared, sent, and distributed the edited video surveillance footage to other supermarkets and managers in the Flushing, Queens County, neighborhood where Chung Fat Inc. is located, in order to falsely suggest of and concerning the Plaintiff, that Plaintiff and Zhao were, prior to the December 11, 2021 incident, engaging in an inappropriate romantic relationship. Defendants did so with malevolent intent to harm the Plaintiff and to distract from the acts of sexual aggression to which Chung Fat Inc.'s financially, economically, and emotionally vulnerable female employees were subject.

46. The malicious and defamatory rumors, intentionally stirred by the Defendants and their circulation within the close-knit Asian commercial and mercantile community of Flushing, and the edited and out-of-context footage, harmed the Plaintiff. Defendants' messages, distribution, and rumors that Plaintiff and Zhao were engaged in an inappropriate romantic relationship were false. The Defendant's aforementioned malicious, intentional, and malevolent skulduggery played a significant role in straining Plaintiff's marriage, which has resulted in a pending matrimonial action.

47. As if the Defendants' malicious attempts to ruin Plaintiff's personal reputation, finances, and marriage were not enough for retribution, Plaintiff, at the Defendants' direction, was also isolated and ostracized at Chung Fat Inc. through the end of his employment.

48. Plaintiff was verbally harassed and eventually terminated for pretextual reasons by Defendant Yue, on or about March 9, 2022, less than three (3) months after supporting a victim of sexual assault and refusing to delete security video surveillance footage of the sexual assault.

49. Specifically, on March 9, 2022, Defendant Yue, who is referred to at Chung Fat Inc. as the "Big Boss," called Plaintiff, and Defendant Yue subjected him to a profanity-laced rant for about 20-30 minutes complaining about a prior Health Department inspection.

50. Defendant Yue yelled at the Plaintiff that he was "useless," among other invectives. The chief complaint by Defendant Yue, in her March 9, 2022 call, was not within Plaintiff's job description. Prior to the call, Defendant Yue had never raised an issue with Plaintiff concerning his job performance.

51. Defendant Yue's call and her action of terminating the Plaintiff was, therefore, a pretext to retaliate against Plaintiff for supporting a victim of a sexual assault and refusing to delete the damning security video surveillance footage of Defendant Chen's sexual assault, harasment, and aggression.

Case 1:25-cv-02236-MKB-CHK Document 1 Filed 07/15/25 Page 10 of 15 PageID #: 40

52. Defendants' conduct violated the NYSHRL and NYCHRL, prohibiting, *inter alia*, retaliation of those employees and persons engaging in protected activity as that term is defined by each statute.

53. As a result of Defendants' conduct, Plaintiff has been damaged.

**COUNT I**
**VIOLATION OF THE NYLL – UNPAID OVERTIME**
**(Against All Defendants)**

54. Plaintiff repeats, reiterates, and realleges all of the preceding allegations of this Complaint, as if set forth at length herein.

55. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL sections 2 and 651.

56. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law section 652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

57. As a result of Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, unpaid overtime wages and an amount equal to unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, in accordance with NY Labor Law §198(1-a).

## COUNT II
## VIOLATION OF NYLL § 195(1)
## FAILURE TO PROVIDE WAGE NOTICE
## (Against All Defendants)

58. Plaintiff repeats, reiterates, and realleges all of the preceding allegations of this Complaint, as if set forth at length herein.

59. Defendants failed to provide Plaintiff with a written notice, in English and in Chinese (Plaintiff's primary language), of his rate of pay, regular payday, and such other information as required by NYLL section 195(1).

60. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## COUNT III
## VIOLATION OF NYLL § 195(3) – FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
## (Against All Defendants)

61. Plaintiff repeats, reiterates, and realleges all of the preceding allegations of this Complaint, as if set forth at length herein.

62. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).

63. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**COUNT IV**
**FRAUDULENT FILING OF INFORMATION RETURNS IN VIOLATION OF 26 U.S.C. § 7434**
**(Against All Defendants)**

64. Plaintiff repeats, reiterates, and realleges all of the preceding allegations of this Complaint, as if set forth at length herein.

65. Statutory law, posited in 26 U.S.C. section 7434, provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

66. Defendants' conduct in filing inaccurate tax documents that did not include all wages paid to Plaintiff in each year of his employment constitutes violations of 26 U.S.C. section 7434.

67. As a result of Defendants' violations of 26 U.S.C. section 7434, Plaintiff is entitled to recover from Defendants, jointly and severally: (a)(i) the greater of $5,000 or (ii) the sum of any actual damages sustained by Plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (b) the cost of the action, and (c) in the Court's discretion, reasonable attorneys' fees.

employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter."

75. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, section 8-107(1)(e) by retaliating against the Plaintiff with respect to the terms, conditions, or privileges of his employment because of his opposition to the unlawful employment practices of Defendants.

76. Defendants violated the above law, and Plaintiff suffered numerous damages as a result.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, respectfully requests that the Court grant the following relief:

1. A declaratory judgment that the practices complained of herein are unlawful under the NYLL;

2. An award of unpaid wages due under the NYLL;

3. An award of liquidated damages and interest due under the NYLL;

4. An award of statutory penalties to Plaintiff as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

5. A declaratory judgment that the practices complained of herein are unlawful under 26 U.S.C. § 7434;

6. An award of damages available pursuant to 26 U.S.C. § 7434;

7. A declaratory judgment that the practices complained herein are unlawful and violated the NYSHRL and NYCHRL;

8. An injunction against Defendants and Chung Fat Inc.'s officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

9. An award of compensatory damages for Plaintiff's lost earnings and emotional suffering as a result of Defendants' unlawful retaliatory practices, pursuant to NYSHRL and NYCHRL;

10. An award of punitive damages for Defendants' unlawful retaliatory practices pursuant to the NYSHRL and NYCHRL;

11. An award of prejudgment and post-judgment interest, costs, and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties; and

12. Together with such other and further relief as the Court deems just and proper.

Dated: Lake Success, NY
July 15, 2025

By: /s/ James S. Yoh

James S. Yoh
*Attorney for Plaintiff*
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 303-1350 (office)
Email: yohlaw@gmail.com