

**Littler Mendelson, P.C.**
900 Third Avenue
New York, New York 10022.3298

Kevin K. Yam
Shareholder
212.583.2674 direct
212.583.9600 main
kyam@littler.com

August 4, 2025

Hon. Margo K. Brodie
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Wang v. Chung Fat Supermarket Inc. et al.*, Case No. 1:25-cv-02236-MKB-PK

Dear Chief Judge Brodie:

Defendants Chung Fat Supermarket Inc., Yue Mei Jiang ("Mei"), Xue Fen Jiang ("Fen"), Xinyu Jiang ("Jiang"), and Xin Xin Chiang ("Chiang") (together, "Company Defendants") write to request a premotion conference concerning an anticipated motion to dismiss the Complaint. Company Defendants seek dismissal under Fed. R. Civ. P. 12(b)(6) on the following grounds: (1) Count I for unpaid overtime under the New York Labor Law ("NYLL") because Plaintiff fails to plead he was underpaid; (2) Counts II and III for failure to provide wage notices and statements under the New York Wage Theft Prevention Act ("WTPA") because Plaintiff lacks standing; (3) Count IV for fraudulent filing of information returns under 26 U.S.C. § 7434 because Plaintiff fails to meet heightened pleading requirements; (4) Count V for retaliation under the New York State Human Rights Law ("NYSHRL") because Plaintiff fails to plead causation; (5) Count VI for retaliation under the New York City Human Rights Law ("NYCHRL") because it is untimely; (6) Counts I-III as to Mei, Fen, Jiang, and Chiang because Plaintiff does not plead they were his employers; and (7) Counts V and VI as to Fen, Jiang, and Chiang because Plaintiff does not plead they committed any retaliatory action.

### 1.   Plaintiff Fails to Plead any Underpayment of Overtime (Count I)

"To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013). This standard for FLSA overtime claims also applies to claims under NYLL. *Dejesus v. HF Mgmt. Servs.*, LLC, 726 F.3d 85, 89 n.5 (2d Cir. 2013).

Plaintiff alleges he was paid $1000/week in 2021 then $1200/week in 2022, and he worked 54 hours/week. *See id.* ¶¶ 24-25. Thus, his pay rate could have been at or above minimum wage without any unpaid overtime premiums. Plaintiff does not allege that he was misclassified as overtime-exempt, and he does not plead facts about what his regular pay rate was or should have been. As such, there is no factual content to state a plausible claim that Plaintiff was underpaid.

Plaintiff also does not describe a specific workweek in which he was underpaid, instead relying on general allegations that he "regularly" was scheduled to work approximately 54 hours. *Id.* ¶ 27. The Second Circuit has found allegations about regular schedules, without a pleading about any specific workweek, to be overly conclusory and an invitation for speculation, making them subject to dismissal. *Dejesus*, 726 F.3d at 89.

Hon. Margo K. Brodie
August 4, 2025
Page 2

### 2. Plaintiff Lacks Standing to Bring WTPA Claims (Counts II and III)

Plaintiff fails to plead any concrete injury suffered from allegedly not receiving a wage notice or accurate wage statements. To have standing for a WTPA claim, "a plaintiff must show some causal connection" between the alleged violation and downstream harm. *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 308 (2d Cir. 2024). Unless Plaintiff can show that he " would have undertaken such advocacy [to be paid according to an accurate notice] and plausibly would have avoided some actual harm or obtained some actual benefit if accurate notices had been provided, the plaintiff-employee has not established a concrete injury-in-fact." *Id.* Here, Plaintiff merely pleads a technical violation of the statute. Complaint ¶¶ 32-33. He does not plead that if he received a notice or accurate wage statements, he would have taken any action to correct his pay, and indeed, Plaintiff does not plead that he was underpaid. Thus, Plaintiff lacks standing for these claims.

### 3. Plaintiff Fails to Plead Fraudulent Filing of Information Returns (Count IV)

Because Plaintiff's claim under 28 U.S.C. § 7434(a) sounds in fraud, it is subject to heightened pleading under Fed. R. Civ. P. 9(b) to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *In re Synchrony Fin. Sec. Litig.*, 988 F.3d 157, 167 (2d Cir. 2021) (quotations omitted). Plaintiff does not specify the alleged fraudulent statement; he does not identify a speaker and instead relies on group pleadings; and he does not allege where and when the statements were made. The speaker is particular important because this cause of action must be made against the "person so filing such return." 28 U.S.C. § 7434(a).

Plaintiff also fails to allege that the speaker acted "willfully," which is required for this claim. *Katzman v. Essex Waterfront Owners LLC*, 660 F.3d 565, 568 (2d Cir. 2011). Plaintiff only makes a conclusory allegation that Defendants acted "deliberately and intentionally." Complaint ¶ 38. Because Plaintiff does not plead that any specific Defendant acted deceitfully or in bad faith, this claim should be dismissed as to all Defendants. *Osuagwu v. Home Point Fin. Corp.*, 2022 WL 1645305, at *10 (S.D.N.Y. May 24, 2022), *aff'd*, 2023 WL 3335315 (2d Cir. May 10, 2023).

### 4. Plaintiff Fails to Plead Causation for a NYSHRL Retaliation Claim (Count V)

Retaliation claims under NYSHRL are analyzed under the same framework as Title VII. *Medina v. AAM 15 Mgmt. LLC*, 750 F. Supp. 3d 332, 344 (S.D.N.Y. 2024). To survive a motion to dismiss, "plaintiff must plausibly allege that: (1) defendants discriminated—or took an adverse employment action—against him, (2) 'because' he has opposed any unlawful employment practice," using a "but-for" causation standard. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90-91 (2d Cir. 2015). Here, Plaintiff fails to plead that but-for his protected activity, he would not have been terminated. Plaintiff pleads that when he was terminated, Mei referred only to Plaintiff's performance, including a Health Department inspection. Complaint ¶¶ 49-50. Plaintiff does not plead facts to suggest retaliatory animus by Mei. He only makes vague, conclusory allegations that Defendants spread rumors about him and "isolated and ostracized" him. *Id.* ¶ 45-47. This is insufficient to plead retaliation under NYSHRL and merits dismissal.

### 5. The Statute of Limitations Expired for Plaintiff's NYCHRL Claim (Count VI)

Plaintiff first raised an NYCHRL claim in his July 15, 2025 Complaint, over three years after his alleged termination on March 9, 2022. Complaint ¶ 48. The NYCHRL provides a 3-year statute of

limitations from the last alleged retaliatory action. *White v. Automatic Data Processing, Inc.*, 2023 WL 3222397, at *3 (S.D.N.Y. May 3, 2023). Plaintiff filed a Summons with Notice in state court on March 6, 2025. *See* Dkt. No. 1-1. In New York courts, a summons without a complaint must provide adequate notice of the nature of the action. CPLR § 305(b). Failure to provide notice makes the summons defective, which allows the statute of limitations to keep running and potentially expire. *Scaringi v. Elizabeth Broome Realty Corp.*, 154 Misc.2d 786, 789 (Sup. Ct. 1991), *aff'd*, 191 A.D.2d 223 (1st Dept. 1993). Here, Plaintiff's Summons describes the nature of the action as "violations of New York Labor Law, violations of 26 USC § 7434, violations of NYSHRL, torts, and other related causes of action." Dkt. No. 1-1. Plaintiff does not include NYCHRL claims in the Summons, and "other related causes of action" is far too vague to provide notice of this claim, so the statute of limitations continued running for the NYCHRL claim. Plaintiff's choice not to include an NYCHRL claim in the Summons allowed the limitations period to expire.

**6.     Plaintiff Fails to Plead Mei, Fen, Jiang, or Chiang Employed Him (Counts I-III)**

A defendant must be Plaintiff's "employer" to be liable for NYLL claims. *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 35-37 (E.D.N.Y. 2015). Courts apply an economic realities test examining if a defendant exercises formal and functional control over employees so as to be their employer. *Id.* The Complaint relies on group pleadings that that "Defendants" improperly compensated him or failed to provide wage notices or statements. *See, e.g.*, Complaint ¶¶ 28, 33-34. This is insufficient to satisfy Plaintiff's pleading burden under Fed. R. Civ. P. 8 as to the individual defendants. *Lipstein v. 20X Hosp.*, 2023 WL 6124048, at *8 (S.D.N.Y. Sep. 19, 2023). Plaintiff's allegations about Mei, Fen, Jiang, and Chiang are merely formulaic recitations of the formal control test, which is insufficient to survive a motion to dismiss. *See* Complaint ¶¶ 8-9, 11; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**7.     Plaintiff Fails to Plead Retaliation as to Fen, Jiang, or Chiang (Counts V-VI)**

Claims under NYSHRL and NYCHRL provide individual liability for aiding and abetting violations. To plead this claim, "the pleadings must allege that [defendant] actually participate[d] in the conduct giving rise to a discrimination claim." *Farmer v. Shake Shack Enters.*, 473 F. Supp. 3d 309, 337 (S.D.N.Y. 2020) (quotations omitted, alterations in original). Here, Plaintiff only alleges that Mei participated in a retaliatory act because she allegedly terminated him. Complaint ¶ 48. Plaintiff makes no specific allegation about Fen, Jiang, or Chiang's actions. Therefore, he cannot state a claim of aider or abettor liability against Fen, Jiang, or Chiang.

The NYCHRL also permits individual liability for employees who "have a role in administering plaintiff's compensation, terms, conditions, or privileges of employment." *Russell v. New York Univ.*, 42 N.Y.3d 377, 391 (2024); *cf. Doe v. Bloomberg, L.P.*, 36 N.Y.3d 450, 458 (2021) "[NYSHRL] does not render employees liable as individual employers."). Plaintiff only makes such allegations about Mei because she allegedly terminated him. Plaintiff's other allegations are a conclusory restatement of the formal control test, and his remaining factual allegations are group pleadings. Therefore, Plaintiff cannot maintain NYCHRL claims against Fen, Jiang, or Chiang.

For these reasons, Company Defendants seek to dismiss the action, and request a premotion conference concerning the same. We thank the Court for its time and consideration of this request.

Hon. Margo K. Brodie
August 4, 2025
Page 4

Sincerely,

*/s/ Kevin K. Yam*

Kevin K. Yam

littler.com