**JAMES SCOTT YOH**

August 25, 2025

Hon. Margo K. Brodie, U.S.D.J.
United States District Court, E.D.N.Y.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Wang v. Chung Fat Supermarket Inc. et al.*, Case No: 25-CV-02236 (MKB)(PK)

Dear Chief Judge Brodie:

This firm represents Plaintiff in this action. This letter shall serve as Plaintiff's response to Defendants' request for a pre-motion conference regarding their anticipated Motion to Dismiss the Complaint.[1] As a preliminary matter, as permitted by Rule 15(a)(1)(B), Plaintiff intends on filing an Amended Complaint to address issues raised by Defendants and add class-action allegations for the NYLL and IRS related claims. Plaintiff requests until September 15, 2025 to do so. Notwithstanding, Plaintiff's position with respect to Defendants' arguments are below.

1. **Plaintiff Alleges A Claim For Unpaid Wages For The Weeks Worked in 2021**

To the extent necessary, Plaintiff will amend the Complaint to address Defendants' argument and further clarify the basis of the unpaid overtime claim. However, such an amendment is not necessary to defeat dismissal, as Plaintiff alleges based on his recollection, that he worked approximately 54 hours per week throughout his employment. *See* Jemine v Dennis, 901 F Supp 2d 365, 376 [EDNY 2012] (stating that a plaintiff may meet its FLSA burden through recollection.) )

Notwithstanding, the Complaint alleges that Plaintiff was in fact a manager paid a set weekly salary, not hourly wages as indicated on his paystubs. However, for the weeks worked in 2021, his weekly salary fell below the "salary test" for an exemption to the NYLL overtime laws to apply (i.e. he was paid $1,000 per week, although the minimum required salary was $1,125 per week). As such, Plaintiff is owed unpaid wages (i.e. "time and a half" if the salary covered 40 hours or "half time" if the salary covered all hours worked).

In the alternative, if Plaintiff was treated as non-exempt for his entire employment, the cash he received on a weekly basis was a "non-discretionary" bonus that must be utilized to recalculate his regular rate of pay for purposes of calculating overtime wages each week. *Freeland v Findlay's Tall Timbers Distrib. Ctr., LLC*, 681 F Supp 3d 58, 68 [WDNY 2023]. Accordingly, Plaintiff has adequately alleged a claim.

2. **Plaintiff Has Article III Standing to Proceed With His NYLL 195 Claims**

It is quite ironic that although Defendants removed the case from State Court to the E.D.N.Y., they now claim Plaintiff lacks Article III standing to proceed with his NYLL § 195 claims. The

---

[1] Defendant Zhi Liang Chen, who is represented by separate counsel, joins in the request on the same grounds.

allegations were not geared towards establishing Article III standing because the case was filed in State Court. Plaintiff intends to amend Complaint, if necessary, to address this issue.

Notwithstanding, many district courts have concluded that plaintiffs adequately alleged that the lack of accurate documentation caused a downstream harm. See, e.g., Santamaria v. Vee Techs., Inc., 2024 U.S. Dist. LEXIS 51588, at *8 (S.D.N.Y. 2024) ("Santamaria claims that she suffered an injury because she was misclassified and therefore underpaid. So…the fact that she wasn't advised that she was due overtime if she worked overtime hours—led to a concrete injury here.); Metcalf v. TransPerfect Translations Int'l, Inc., 2023 U.S. Dist. LEXIS 54340, at *6 (S.D.N.Y. 2023) ("Plaintiffs here actually received inaccurate wage notices, which did not include a tabulation of hours and overtime, and which thereby prevented them from knowing whether, and to what extent, they had been underpaid during the nine-month period. Without a record of hours worked, plaintiffs have further remained unable to determine whether the remedial payments issued by TransPerfect have adequately compensated them for their overtime hours. Accordingly, the injury suffered by plaintiffs is not merely hypothetical.").

Here, the Complaint alleges that Plaintiff was never provided a wage notice identifying his rate of pay and that his stubs detailed that he was paid hourly, although he was paid a flat weekly amount regardless of hours worked (i.e. part cash and part check). **(**ECF No. 14, ¶29**)**. Moreover, the Complaint also alleges that Plaintiff's paystub was not accurate, and he was paid part of his wages in cash as a means to disguise Defendants' violation of law by paying him a flat weekly salary. As a result, Plaintiff has sufficiently established standing to proceed with his NYLL § 195 claims.

### 3. **Plaintiff States A Claim for Fraudulent Filing of Returns pursuant to 26 U.S.C. § 7434**

To state a claim under Section 7434, plaintiff must allege that "(1) the defendant issued an information return; (2) the information return was fraudulent; and (3) the defendant willfully issued the fraudulent information return." Sarr v. Vep Assocs. LLC, 2024 U.S. Dist. LEXIS 54412, at *5 (E.D.N.Y. 2024). Recently, in Hernandez v. Prime Structure, Inc., 2025 U.S. Dist. LEXIS 122746 (E.D.N.Y.), Judge Merle denied a motion to dismiss this type of claim where defendants were alleged to have affirmatively submitted a Form 1099 only reflecting the portion of monies paid to plaintiff by check, but intentionally omitted cash payments. 2025 U.S. Dist. LEXIS 122746 (E.D.N.Y.) citing Gonzalez v. Tremson Recycling LLC, 2025 U.S. Dist. LEXIS 47298, at *12 (S.D.N.Y. 2025) (finding allegations that defendants knowingly submitted information returns reflecting only the wages paid to plaintiff by check and omitting those paid to him in cash were sufficient to establish a violation of Section 7434).

Here, Plaintiff's allegations are strikingly similar to those in Hernandez and Gonzalez. As outlined in the Complaint, Plaintiff (as were his co-workers) was paid part in check and part in cash, with only the wages paid via check appearing on his W-2 filed by Defendants. (ECF No. 14, ¶30). This alone is sufficient to adequately allege a claim. Defendants do not dispute these facts, only that a heighted "fraud" standard should apply which is inaccurate. Defendants only rely on inapposite caselaw related to claims of fraud which do not address the standard to plead a claim pursuant to 26 U.S.C. 7434. Accordingly, this portion of the motion should be denied.

### 4. **Plaintiff Adequately Plead Causation For NYSHRL Retaliation**

As an introductory matter, Defendants erroneously state the standard that retaliation claims are analyzed under the NYSHRL. The NYSHRL was amended in 2019, and post-amendment, a plaintiff is no longer required to prove but-for causation. Instead, a plaintiff must only show that "a causal connection existed between the protected activity and the defendant's conduct." Santorio v Care.com, Inc., 2025 U.S. Dist. LEXIS 53511, at *30 [N.D.N.Y. 2025). Here, Defendants do not assert that Plaintiff failed to allege a plausible claim of retaliation relating to his support of a victim of sexual assault and his subsequent termination.

Further, Plaintiff has alleged multiple other instances of retaliation that he has been forced to endure. These include a 20-30 minute profanity laced rant, being called 'useless' for not completing a task that was not in Plaintiff's job description, and refusing to delete a security video depicting the sexual assault of an employee. (See ECF No. 14, ¶48-51) To the extent necessary, Plaintiff will amend the Complaint to further clarify the basis of the retaliation claim.

### 5. The Statute of Limitations for Plaintiff's NYCHRL Claim

Plaintiff's statute of limitations to pursue the NYCHRL claim relates back to the filing of the Summons with Notice. Here, the Summons with Notice states that Plaintiff intended to pursue claims for inter alia, "violations of NYSHRL, torts, and other related causes of action." Tellingly, Defendants do not argue that the NYSHRL claims are not timely, as they were enumerated in the Summons with Notice. Instead, they claim that they were not on notice that NYCHRL claims would be filed. This is preposterous, as the Summons with Notice states that Plaintiff would pursue "torts, and other related causes of action." Certainly, the violations of the NYCHRL asserted are torts and causes of action related to the violations of the NYSHRL. To be clear, the NYCHRL claims are predicated on the exact same facts and legal standards as the NYSHRL claims. See Lutzker v Novo Nordisk Pharms., Inc., 2008 U.S. Dist. LEXIS 26604, at *12 [E.D.N.Y. 2008] (stating that plaintiff's NYCHRL claims relate back to NYSHRL claims contained in summons because they both arise out of the same conduct). As such, this part of the motion should be denied.

### 6. All of the Individual Defendants Were "Employers" Pursuant to the NYLL

To reiterate, Plaintiff intends on amending the Complaint to address this portion of Defendants' letter. Notwithstanding, Plaintiff's allegations amount to significantly more than "formulaic recitations". Plaintiff has made substantive allegations regarding all Defendants' participation as employers. Specifically, Plaintiff alleged that Defendants Yue, Fen, Chen, and Chiang had the power to hire and fire employees and exercised their authority to reprimand Plaintiff's supervisors.

### 7. Retaliation as to Fen, Jiang or Chiang (Counts V-VI)

Plaintiff is in the process of reviewing the facts and evidence in his possession to determine whether any additional facts can be asserted regarding the retaliation claims against the individual Defendants (other than Mei). If there are no other substantive facts as to the participation of any other individual Defendants relating to Plaintiff's termination, Plaintiff will solely pursue the retaliation claims against the corporate Defendant and Defendant Mei.

Thank you for your attention to this matter.

Respectfully submitted,

<u>/s/ James S. Yoh, Esq.</u>

cc:     all counsel of record (via ECF)