# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
**(516) 328-8899**
**(516) 328-0082**

October 10, 2025

<u>**VIA ECF**</u>

Hon. Chief Judge Margo K. Brodie
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: <u>*Wang v. Chung Fat Supermarket Inc. et al.*</u>**, Case No: 25-CV-02236 (MKB)(CHK)**

Dear Chief Judge Brodie:

  Plaintiff Shengmeng Wang; Defendants Chung Fat Supermarket Inc. ("Chung Fat"), Yue Mei Jiang, Xue Fen Jiang, Xinyu Jiang, Xin Xin Chiang (collectively, "Corporate Defendants"); and Defendant Zhi Liang Chen (together with Corporate Defendants, "Defendants") write jointly in response to the Court's Order dated September 23, 2025. The Order required the parties to file "a joint letter outlining their next steps in light of the arbitration agreement and a schedule for plaintiff's amended complaint and briefing for defendants' motion(s) to dismiss if they decide there is a basis to move to dismiss the amended complaint." The parties also sincerely apologize to the Court for not filing this letter by October 6. The parties needed additional time to resolve their disputes.

  As stated in the parties' joint letter on September 8, 2025 (ECF No. 35), Plaintiff consented to individual arbitration of his claims that Defendants failed to adequately pay him for overtime hours worked in violation of the New York Labor Law ("NYLL"), did not adhere to NYLL 195(1) by failing to provide written notice of his pay, violated NYLL 195(3) by failing to provide accurate wage statements, and that Defendants committed fraudulent filing of information returns in violation of 26 U.S.C. § 7434 (the "Wage-Hour Claims," Counts I-IV in the original Complaint, ECF No. 14). Accordingly, the parties request that the Court stay the Wage-Hour Claims pending the outcome of arbitration.

  The parties request that the Court retain jurisdiction over Plaintiff's remaining claims of retaliation under New York Executive Law section 296(7) and New York City Administrative Code Title 8, section 8-107(1)(e) (the "Retaliation Claims," Counts V-VI in the original complaint), while Plaintiff's Wage-Hour Claims are stayed. If the Court agrees to retain jurisdiction over the Retaliation Claims, the parties request an order requiring Plaintiff to file an Amended Complaint within 21 days concerning the Retaliation Claims only; and setting a briefing schedule for motions to dismiss the Amended Complaint as follows:

- Defendants' must either file and serve their respective answers or serve any motions to dismiss to Plaintiff and file a cover letter pursuant to Your Honor's bundling rule within 30 days after the Amended Complaint is filed;

- Plaintiff's opposition to any motion to dismiss must be served within 30 days after he is served with the motion to dismiss;
- Defendants' replies in further support of their respective motions to dismiss, if any, must be served within 21 days after they are served with Plaintiff's opposition; and
- After the motions to dismiss are fully briefed, all parties shall electronically file their respective motion papers, and the moving parties shall serve courtesy copies to the Court pursuant to Your Honor's Individual Practices & Rules.

Plaintiff shall also file a letter on or before December 12, 2025, confirming whether he has filed a Demand for Arbitration over the Wage-Hour Claims.

Defendants' consent to this joint request shall not in any way prejudice any defenses or objections that they may have to Plaintiff's amended complaint, and Defendants reserve all rights to file a motion to dismiss or seek other available relief at any point in litigation or arbitration.

Thank you for your attention to this matter.

                                                      Respectfully submitted,

*/s/ Kevin K. Yam*                                    */s/ Joseph M. Labuda, Esq.*
Kevin K. Yam                                          Joseph M. Labuda
Littler Mendelson P.C.                                Milman Labuda Law Group PLLC
*Attorney for Corporate Defendants*                   *Attorney for Plaintiff Shengmeng Wang*


*/s/ Terrrence J. Worms*
Terrence J. Worms
Law Office of Terrence J. Worms, P.C.
*Attorney for Defendant Zhi Liang Chen*


cc:    all counsel of record (via ECF)