UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHENGMENG WANG,

       Plaintiff,

           -against-

CHUNG FAT SUPERMARKET INC., YUE
MEI JIANG, ZHI LIANG CHEN, XUE FEN
JIANG, AND XIN XIN CHIANG,

       Defendants.

Case No. 1:25-cv-02236-MKB-CHK

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
JOINT MOTION TO DISMISS THE AMENDED COMPLAINT**

---

# TABLE OF CONTENTS

**Page(s)**

I.  PRELIMINARY STATEMENT ................................................................ 1

II.  STATEMENT OF FACTUAL ALLEGATIONS ...................................... 2

III.  PROCEDURAL HISTORY ..................................................................... 4

IV.  LEGAL STANDARD .............................................................................. 5

V.  ARGUMENT............................................................................................ 5

    A.  The Statute of Limitations Expired for Plaintiff's Retaliation Claims ................................................................................................. 5

        1.  Plaintiff's Summons Failed to Give Notice of Retaliation Claims Under NYSHRL or NYCHRL ................................. 5

        2.  Plaintiff's Failure to Serve the Summons Allowed the Statute of Limitations to Expire............................................ 8

    B.  Plaintiff Fails to Plead a Retaliation Claim Under NYSHRL or NYCHRL .............................................................................................. 9

    C.  Plaintiff Fails to Plead Aiding or Abetting Claims as to the Individual Defendants.................................................................... 13

VI.  CONCLUSION....................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Atuahene v. City of Hartford*,
    10 F. App'x 33 (2d Cir. 2001) ...............................................................................15

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).................................................................................................5

*Brennan-Centrella v. Ritz-Craft Corp. of Penn.*,
    942 F.3d 106 (2d Cir. 2019).....................................................................................6

*Carter v. Dutchess Cnty. Cmty. Coll.*,
    735 F.2d 8 (2d Cir. 1984) ......................................................................................15

*Cheselka v. E. Air Lines, Inc.*,
    93 Misc. 2d 219 (Sup. Ct. N.Y. Cnty. 1978) ..........................................................9

*Drummer v. Valeron Corp.*,
    154 A.D.2d 897 (4th Dep't 1989)............................................................................7

*Farmer v. Shake Shack Enters.*,
    473 F. Supp. 3d 309 (S.D.N.Y. 2020)..............................................................13, 14

*Fattoruso v. Hilton Grand Vacations Co.*,
    525 F. App'x 26, 27 (2d Cir. 2013)........................................................................10

*Feingold v. New York*,
    366 F.3d 138 (2d Cir. 2004)...................................................................................14

*Feliciano v. City of N.Y.*,
    2015 WL 4393163 (S.D.N.Y. July 15, 2015) ........................................................13

*Ghartey v. St. John's Queens Hosp.*,
    869 F.2d 160 (2d Cir. 1989)....................................................................................5

*Kassner v. 2nd Ave. Delicatessen Inc.*,
    496 F.3d 229 (2d Cir. 2007)....................................................................................5

*Lawson v. Rubin*,
    2018 WL 2012869 (E.D.N.Y. Apr. 29, 2018) .........................................................9

*Micro-Spy, Inc. v. Small*,
    9 A.D.3d 122 (2d Dep't 2004)................................................................................6

*Palmer v. eCapital Corp.*,
    2024 WL 3794715 (S.D.N.Y. Aug. 13, 2024).......................................................10

*Patane v. Clark*,
508 F.3d 106 (2d Cir. 2007)...........................................................................5

*Penzo v. Consol. Edison Co. of N.Y., Inc.*,
2024 WL 3824072 (S.D.N.Y. Aug. 15, 2024).......................................................10

*Rossbach v. Montefiore Med. Ctr.*,
2021 WL 930710 (S.D.N.Y. Mar. 11, 2021)........................................................13

*Roth v. State Univ. of N.Y.*,
2007 WL 4298245 (Sup. Ct. N.Y. Cnty. Nov. 23, 2007), *aff'd* 61 A.D.3d 476
(1st Dep't 2009)........................................................................................8

*Roth v. State Univ. of N.Y.*,
61 A.D.3d 476 (1st Dep't 2009)........................................................................8

*Scaringi v. Elizabeth Broome Realty Corp.*,
154 Misc.2d 786 (Sup. Ct. 1991), *aff'd*, 191 A.D.2d 223 (1st Dept. 1993) .........................6, 7

*Scaringi v. Elizabeth Broome Realty Corp.*,
191 A.D.2d 223 (1993)................................................................................6

*Wheeler v. Praxair Surface Techs., Inc.*,
694 F. Supp. 3d 432 (S.D.N.Y. 2023)................................................................10

*Wiedis v. Dreambuilder Invs., LLC*,
268 F. Supp. 3d 457 (S.D.N.Y. 2017)..................................................................5

*Wright v. City of N.Y.*,
2024 WL 3952722 (S.D.N.Y. Aug. 27, 2024)..........................................................9

**Statutes**

4 NYCRR § 200.10........................................................................................6

26 USC § 7434........................................................................................4, 6, 7

N.Y.C. Admin Code § 8-107..............................................................................8

N.Y.C. Admin Code § 8-107(6)..........................................................................14

N.Y.C. Admin Code § 8-107(7)..........................................................................10

N.Y.C. Admin. Code § 8-502(d)...........................................................................5

N.Y. Exec. L. § 296.....................................................................................8

N.Y. Exec. L. § 296(1)(h)...............................................................................10

N.Y. Exec. L. § 296(6)..................................................................................14

N.Y. Exec. L. § 296(7)..............................................................................................................10

N.Y. Exec. L. § 297(5)................................................................................................................5

New York City Human Rights Law (NYCHRL) ...........................................................................1

New York Labor Law (NYLL)............................................................................................. *passim*

    NYLL § 195(1) ......................................................................................................................4

    NYLL § 195(3) ......................................................................................................................4

New York State Human Rights Law (NYSHRL)..........................................................................1

**Other Authorities**

CPLR § 203(a) .............................................................................................................................8

CPLR § 203(b) .............................................................................................................................9

CPLR § 305(b) .............................................................................................................................6

FRCP 8 .......................................................................................................................................15

FRCP 12(b)(6) .........................................................................................................................1, 5

Defendants Chung Fat Supermarket Inc. (the "Company"), Yue Mei Jiang ("Mei"), Xue Fen Jiang ("Fen"), Xin Xin Chiang ("Chiang"), Xinyu Jiang ("Jiang"), and Zhi Liang Chen ("Chen") (together, "Defendants," and excluding the Company, "Individual Defendants") submit this memorandum of law in support of their joint motion to dismiss the Amended Complaint of Plaintiff Shengmeng Wang ("Plaintiff"), filed on November 4, 2025 (Dkt. No. 39, "Am. Cplt."[1]), pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

## I.    PRELIMINARY STATEMENT

In the Amended Complaint, Plaintiff alleges that on March 9, 2022, he was terminated from his position as the night-shift manager for the Company by Yue after a 20-30 minute conversation that only criticized Plaintiff's work performance. Nevertheless, Plaintiff now claims that his termination was in retaliation for his efforts three months earlier to assist another employee, Shun Zhang Zhao[2] ("Zhao"), in making a complaint of sexual harassment, and Plaintiff makes totally speculative assertions that Fen, Chiang, Jiang, and Chen all advised and recommended that Plaintiff be terminated because of those actions. In the Amended Complaint, Plaintiff brings claims for (1) retaliation in violation of the New York State Human Rights Law ("NYSHRL") against the Company; (2) retaliation in violation of the New York City Human Rights Law ("NYCHRL") against the Company and Mei; (3) aiding and abetting liability under the NYSHRL against Mei, Fen, Chiang, Jiang, and Chen; and (4) aiding and abetting liability under the NYCHRL against Fen, Chiang, Jiang, and Chen.

Each of Plaintiff's claims should be dismissed. First, all of Plaintiff's claims must be

---

[1] *See* Declaration of Kevin K. Yam in Support of Defendants' Joint Motion to Dismiss, dated December 4, 2025 ("Yam Decl."), ¶ 4, Exhibit C.

[2] The Amended Complaint identifies this individual as "Shun Zhang Zhao." Am Cplt. ¶ 24. As Plaintiff noted in his September 8, 2025 letter, Plaintiff's counsel also represents Zhao in a pending state court action against the Company, Fen, Chiang, and Chen. Dkt. No. 34. In Zhao's litigation, the parties confirmed her first name is "Zhang Shun" and her last name is "Zhao." *See* Yam Decl., ¶ 5.

dismissed as untimely because Plaintiff failed to interpose these claims against Defendants within three years of the last alleged retaliatory action, Plaintiff's termination. Second, Plaintiff's allegations fail to plead facts to support his claims of retaliation under the NYSHRL or NYCHRL against any Defendant. Third, Plaintiff's aiding and abetting claims fail without a predicate violation, and Plaintiff's allegations against Defendants Fen, Chiang, Jiang, and Chen are particularly conclusory and fail to show that they participated in any retaliatory acts. For these reasons, the Court should dismiss all causes of action in the Amended Complaint with prejudice.

## II.    STATEMENT OF FACTUAL ALLEGATIONS[3]

Plaintiff was employed as the night-shift manager for the Company from on or about August 3, 2021, to March 9, 2022.[4] Am. Cplt. ¶ 23. Plaintiff alleges that Individual Defendants all had the power to "supervise and control the supervisors of Plaintiff," but he does not identify Plaintiff's supervisor(s). *Id.* ¶¶ 9-13. Plaintiff makes the same allegation that the each of Individual Defendants "exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment," including Plaintiff. *Id.* Plaintiff alleges that Mei exercised operational control over all Company employees; that Fen exercised such control except over Mei; that Jiang exercised such control except over Mei and Fen; that Chen exercised such control except over Mei, Fen, and Jiang; and that Chiang exercised such control except over Mei, Fen, Jiang, and Chen. *Id.*

On December 11, 2021, Zhao complained to Plaintiff that she had been sexually harassed by Chen in an incident of physical groping. *Id.* ¶ 24. In response, Plaintiff went with Zhao to report the incident to Fen, reported Zhao's complaint to Mei, and assisted Plaintiff with reporting the

---

[3] This statement of facts is derived from the allegations in the Amended Complaint, which Defendants take as true only for the limited purposes of this motion to dismiss. In the event that this motion is not granted, Defendants reserve the right to contest all allegations.

[4] Plaintiff also alleges that his employment dates were from on or about August 10, 2021, to March 8, 2022. Am. Cplt. ¶ 18.

incident to the police. *Id.* ¶¶ 26-30, 35-37. Plaintiff also alleges that Mei asked Plaintiff to bring Zhao to the store basement to try to resolve the complaint in private. *Id.* ¶¶ 31-32. Plaintiff further alleges that Chen asked Plaintiff to delete video footage of the alleged groping incident, and Plaintiff refused. *Id.* ¶¶ 33-34. Plaintiff claims that before he left the store to go to the police precinct, he called his supervisor (who is unidentified) and told him that he was leaving to go to the police precinct with Zhao and that Plaintiff's supervisor would need to return to the store to close it up for the night. *Id.* ¶ 38.

Following the incident, Plaintiff claims that "Defendants" shared edited video footage from that day to other local supermarkets to suggest that Plaintiff and Zhao were engaged in an inappropriate romantic relationship. *Id.* ¶ 40. Plaintiff also claims that Defendants "isolated," "ostracized," and "ignored" Plaintiff at work after the incident. *Id.* ¶¶ 42-43.

The Amended Complaint alleges that, "Defendants discussed and advised that Plaintiff be terminated because he assisted Zhao in complaining about unlawful discriminatory sexual conduct." *Id.* ¶ 45. The Amended Complaint does not make any allegation about when this alleged conversation occurred, who was part of the conversation, where the conversation took place, or how Plaintiff would have knowledge of the conversation occurring.

Finally, Plaintiff alleges that he was terminated by Mei during a phone call on March 9, 2022, three months after Zhao's complaint. *Id.* ¶¶ 46-49. Specifically, Plaintiff alleges that Mei called Plaintiff and subjected him to a "rant" for 20-30 minutes "complaining about a prior Health Department inspection," and that she called him "useless." *Id.* ¶¶ 48-49. Plaintiff does not allege that Mei made any comment during this call referencing or alluding to Plaintiff's efforts to assist Zhao in making a complaint of harassment on December 11, 2021. Indeed, Plaintiff does not allege that any of the Defendants made any comment to him regarding the incident, Zhao's complaint, or Plaintiff's involvement in Zhao's complaint.

## III.    PROCEDURAL HISTORY

This action was initiated in the Supreme Court of the State of New York, Queens County on March 6, 2025, by Plaintiff filing a Summons with Notice ("Summons"). Dkt. No 1-1; Yam Decl. ¶ 2, Exhibit A; Am. Cplt. ¶ 54. The Summons with Notice stated, "The nature of this action is violations of New York Labor Law, violations of 26 USC § 7434, violations of NYSHRL, torts, and other related causes of action." Dkt. No. 1-1. The Summons was never served to Defendants. *See* Yam Decl., ¶ 6. On April 22, 2025, the Company, Mei, Fen, and Jiang removed the action to this Court without Plaintiff having served the Summons or filed a Complaint. Dkt. No. 1; Am. Cplt. ¶ 54. After multiple requests from Defendants for Plaintiff to file and serve a complaint (*see* Dkt. No. 9), Plaintiff's original Complaint was filed on July 15, 2025, which included claims for unpaid overtime under New York Labor Law ("NYLL"); failure to provide wage notice under NYLL § 195(1); failure to provide accurate wage statements under NYLL § 195(3); fraudulent filing of information returns under 26 U.S.C. § 7434; retaliation under NYSHRL; and retaliation under NYCHRL. Dkt. No. 14; Yam Decl. ¶ 3, Exhibit B; Am. Cplt. ¶ 55. Plaintiff served the Complaint to Defendants on July 14, 16, and 21, except that Jiang has not been served. Dkt. No. 17-22; 8/27/2025 Dkt. Entry. On August 4 and 5, 2025, Defendants filed letters requesting a pre-motion conference regarding their anticipated motion to dismiss. Dkt. No. 25, 28. In response, Plaintiff stated that he planned to file an amended complaint to address issues raised in Defendants' letters and to bring class-action allegations for Plaintiff's NYLL- and IRS-related claims. Dkt. No. 33. Following discussion between the parties, Plaintiff consented to individual arbitration of his claims under NYLL and 26 U.S.C. § 7434, and the Court granted the parties' joint request to stay the action with respect to those claims pending arbitration. Dkt. No. 35; 10/14/2025 Dkt. Entry; Am. Cplt. ¶ 56. On November 4, 2025, Plaintiff filed his Amended Complaint concerning his retaliation claims under NYSHRL and NYCHRL only. Am. Cplt. ¶ 56.

## IV.    LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must consist of more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"; instead, the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555. The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the FRCP is to test the legal sufficiency of the plaintiff's claims for relief. *Patane v. Clark*, 508 F.3d 106, 116 (2d Cir. 2007).

Dismissal on statute of limitations grounds is appropriate for a 12(b)(6) motion where "the circumstances are sufficiently clear on the face of the complaint and related documents as to make the time-bar ruling appropriate on a motion to dismiss." *Wiedis v. Dreambuilder Invs., LLC*, 268 F. Supp. 3d 457, 465 (S.D.N.Y. 2017) (quotations omitted); *see also Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989).

## V.    ARGUMENT

### A.    The Statute of Limitations Expired for Plaintiff's Retaliation Claims

#### 1.    Plaintiff's Summons Failed to Give Notice of Retaliation Claims Under NYSHRL or NYCHRL

All claims in the Amended Complaint brought under NYSHRL and NYCHRL must be dismissed because Plaintiff failed to assert these claims within three years of his termination. NYSHRL and NYCHRL provide a 3-year statute of limitations from the last alleged retaliatory action. N.Y. Exec. L. § 297(5); N.Y.C. Admin. Code § 8-502(d); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007). Plaintiff filed the Summons in state court on March 6, 2025, just four days before the statute of limitations for his NYSHRL and NYCHRL claims would have expired.[5] *See* Dkt. No. 1-1. The Summons references the NYSHRL, but it does not specify

---

[5] March 9, 2025 was a Sunday, so Plaintiff's last day to file this action in state court would have

that the claim Plaintiff sought to bring under NYSHRL was an employment retaliation claim related to a report of sexual harassment. *Id.* The Summons does not reference the NYCHRL at all. *Id.* Plaintiff first gave notice of his NYCHRL claim in his July 15, 2025 Complaint, well over three years after his alleged termination on March 9, 2022. Dkt. No. 14 ¶ 48.

In New York courts, a summons without a complaint must provide adequate notice of the nature of the action. CPLR § 305(b). Failure to provide notice of the nature of the action makes the summons defective and "treated as a nullity," which leaves the statute of limitations to keep running and potentially expire. *Scaringi v. Elizabeth Broome Realty Corp.*, 154 Misc.2d 786, 789 (Sup. Ct. 1991), *aff'd*, 191 A.D.2d 223 (1st Dept. 1993); *see also Micro-Spy, Inc. v. Small*, 9 A.D.3d 122, 125-26 (2d Dep't 2004) ("[I]f a summons without a complaint contains an inadequate notice of the nature of the action and the relief demanded, the inadequate notice is grounds to dismiss the action."); *Scaringi v. Elizabeth Broome Realty Corp.*, 191 A.D.2d 223, 223 (1993).

Here, Plaintiff's Summons only describes the nature of the action as "violations of New York Labor Law, violations of 26 USC § 7434, violations of NYSHRL, torts, and other related causes of action." Dkt. No. 1-1. Plaintiff failed to include NYCHRL claims in the Summons at all. Dkt. 1-1. This reflected a deliberate choice to attempt to raise claims under the NYSHRL and not the NYCHRL, as Plaintiff easily could have provided notice if he also intended to bring any claims under the NYCHRL. The court may apply reasoning similar to the *expressio unius est exclusion alterius* canon of construction here. *See Brennan-Centrella v. Ritz-Craft Corp. of Penn.*, 942 F.3d 106, 111 (2d Cir. 2019). Applying this canon of construction, "it would be strange" for the Summons to mention specific statutes and leave the NYCHRL claim "to implication." *Id.* (quotations omitted). Defendants could not reasonably expect that because Plaintiff referenced the NYSHRL, he would also bring an NYCHRL claim, so Defendants did not have notice of this

---

been Monday, March 10, 2025. *See* 4 NYCRR § 200.10.

claim. Because Plaintiff did not specify that he would be raising NYCHRL claims in the Summons, and his time to file an NYCHRL claim lapsed before he included such claims in his original Complaint, Plaintiff's NYCHRL claims must be dismissed as untimely.

Plaintiff included a catch-all phrase in the Summons for "other related causes of action," but this is far too vague to provide notice of a retaliation claim under NYCHRL. Dkt. No. 1-1. The Summons does not provide any detail about what Plaintiff's potential claims would be under NYLL, NYSHRL, or any possible tort theory; nor does it say whether the other causes of action would be "related" to Plaintiff's potential tort claims or to any potential claim under NYLL, 26 U.S.C. § 7434, NYSHRL, or any tort theory; nor does it state a basis for how any other claims may be related to those claims. There are potentially hundreds of claims that could be described as "other related causes of action," and therefore, this phrase is not sufficient to give Defendants notice of any of them. *Drummer v. Valeron Corp.*, 154 A.D.2d 897, 898 (4th Dep't 1989) (dismissing an action where the nature of the action in a summons was described as "acts and omissions of the defendant . . . which were the proximate cause of injuries and damages" because it "does nothing to inform defendant of the nature of the action"); *Scaringi*, 154 Misc.2d at 789-90 ("[C]ryptic designation could refer to a myriad number of different forms of action" and "fails to apprise a defendant as to" the basis of plaintiff's claim). As a result, the statute of limitations continued running for the NYCHRL claim and expired.

Further, the reference in the Summons to "violations of the NYSHRL," is insufficient even to give notice of Plaintiff's particular NYSHRL claim. Dkt. No. 1-1. Plaintiff does not mention retaliation in the Summons or even that his claims are related to employment with the Company. *Id.* The NYSHRL prohibits employment discrimination based on "age, race, creed, color, national origin, citizenship or immigration status, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or status

as a victim of domestic violence," along with related retaliation, and the NYSHRL includes other prohibitions in a variety of contexts, including housing and public accommodations. N.Y. Exec. L. § 296. By failing to specify the nature of Plaintiff's potential claim under NYSHRL, the "summons does not even contain basic information concerning the nature of plaintiffs' claims and could easily encompass any number of potential causes of action." *Roth v. State Univ. of N.Y.*, 2007 WL 4298245, at *3 (Sup. Ct. N.Y. Cnty. Nov. 23, 2007), *aff'd* 61 A.D.3d 476 (1st Dep't 2009) (dismissing an action where the summons described the nature of the action as violations of "New York State, and New York City human rights laws, including but not limited to, the New York State Executive Law, § 296, *et seq.*; New York City Administrative Code § 8-107, *et seq.*" and other statutes along with "various tort claims"); *see also Roth v. State Univ. of N.Y.*, 61 A.D.3d 476, 476 (1st Dep't 2009) ("Since numerous potential causes of action may be brought under these statutes, the summons left defendants to guess the precise claims against them"). *Roth* is directly on point and provides strong precedent for dismissal of Plaintiff's claims due to the defective Summons.

Because the Summons was overly general and vague in its description of the nature of the action, it is a nullity that did not toll the statute of limitations. Consequently, the statute of limitations for Plaintiff's claims under NYSHRL and NYCHRL expired by March 11, 2025.

**2.    Plaintiff's Failure to Serve the Summons Allowed the Statute of Limitations to Expire**

Whether or not the Summons was adequate, which it was not, Plaintiff's failure to timely serve the Summons also allowed the statute of limitations to lapse for the NYSHRL and NYCHRL claims. The applicable limitations period is "computed from the time the cause of action accrued to the time the claim is interposed." CPLR § 203(a). A cause of action is interposed against a defendant when the summons "is filed with the clerk of that county within the city of New York in which the defendant resides, is employed or is doing business . . . provided that: (i) the summons

is served upon the defendant within sixty days after the period of limitation would have expired but for this provision . . . ." CPLR § 203(b). Thus, in order to be timely, because the Summons had been filed in state court, Plaintiff would have had to serve the Summons on or before or by May 9, 2025, sixty days after March 10, 2025 (the first business day after March 9, 2025). Plaintiff's failure to serve the Summons within 60 days was "on pain of the action being barred by the statute of limitations," and that is precisely what occurred here. *Cheselka v. E. Air Lines, Inc.*, 93 Misc. 2d 219, 222 (Sup. Ct. N.Y. Cnty. 1978). Because Plaintiff failed to serve the Summons to Defendants before May 9, 2025, Plaintiff did not interpose the claims described in the Summons against any of the Defendants, and the statute of limitations continued to run until the Complaint was filed and served in July 2025. *Lawson v. Rubin*, 2018 WL 2012869, at *17 (E.D.N.Y. Apr. 29, 2018) (using the date a complaint was filed in federal court for statute of limitations purposes where the plaintiffs filed a summons with notice in state court but did not show that the summons was served on the defendants within 60 days). Thus, all of Plaintiff's claims under NYSHRL and NYCHRL are barred by the statute of limitations.

**B.      Plaintiff Fails to Plead a Retaliation Claim Under NYSHRL or NYCHRL**

Plaintiff fails to allege factual details in the Amended Complaint to plead that any action taken against him was because of his alleged protected activity, and indeed, he alleges that those actions were motivated by non-retaliatory reasons. Therefore, he fails to plead a retaliation claim.

To plead a retaliation claim under NYSHRL or NYCHRL, Plaintiff must plead, "(1) [he] participated in a protected activity; (2) the defendant knew about [his] participation; (3) the defendant took an employment action that disadvantaged the plaintiff in any manner; and (4) a causal connection existed between the protected activity and the negative employment action."[6]

---

[6] Historically, retaliation claims under NYSHRL and NYCHRL applied different standards, but following 2019 amendments to the NYSHRL, courts have interpreted the standards for pleading retaliation claims under NYSHRL to be closer to claims under NYCHRL. *Wright v. City of N.Y.*,

*Palmer v. eCapital Corp.*, 2024 WL 3794715, at *11 (S.D.N.Y. Aug. 13, 2024) (quoting *Fattoruso v. Hilton Grand Vacations Co.*, 525 F. App'x 26, 27 (2d Cir. 2013)) (emphasis omitted). For the third element, the plaintiff need only allege that the "employer engaged in conduct that was reasonably likely to deter a person from engaging in protected activity." *Id.* (quotations omitted). The fourth element requires plaintiff to show that retaliation was a "motivating factor." *Penzo v. Consol. Edison Co. of N.Y., Inc.*, 2024 WL 3824072, at *11 (S.D.N.Y. Aug. 15, 2024).

For the purposes of this motion, Defendants do not dispute that Plaintiff has satisfied the first two elements of his retaliation claims by pleading that on December 11, 2021, he helped bring Zhao's sexual harassment claims to the attention of Fen and Mei. Am. Cplt. ¶¶ 26-27, 30. Defendants also do not dispute that Plaintiff has satisfied the third element based on his allegations that he was terminated.

However, Defendants dispute that any other alleged conduct of Defendants was reasonably likely to deter protected activity. Plaintiff makes conclusory allegations that Defendants "isolated," "ostracized," and "ignored" Plaintiff after his report and this made him "feel like an outcast." Am.

---

2024 WL 3952722, at *6 (S.D.N.Y. Aug. 27, 2024). "[C]ase law, however, has yet to definitively resolve whether the NYSHRL's liability standard is now coextensive with that of the NYCHRL, or whether it requires more. . . ." *Wheeler v. Praxair Surface Techs., Inc.*, 694 F. Supp. 3d 432, 451 (S.D.N.Y. 2023). With respect to retaliation claims, the text of the NYSHRL and NYCHRL leaves room for diverging standards. NYCHRL states explicitly that it is unlawful to retaliate "in any manner" against a person who engages in protected activity, and that the retaliation complained of "need not result in an ultimate action with respect to employment . . . or in a materially adverse change in the terms and conditions of employment . . . provided, however, that the retaliatory . . . acts complained of must be reasonably likely to deter a person from engaging in protected activity." N.Y.C. Admin Code § 8-107(7). In contrast, the NYSHRL simply states that it is unlawful to "retaliate" against a person for opposing practices forbidden by the NYSHRL, specifically identifying unnecessary disclosure of personnel files as an example, and that it is unlawful for an employer to "subject any individual to harassment" for opposing practices forbidden by the NYSHRL by subjecting them to "inferior terms, conditions, or privileges of employment" and such harassment must rise "above the level of what a reasonable victim of discrimination . . . would consider petty slights and trivial inconveniences." N.Y. Exec. L. §§ 296(1)(h), 296(7). For the purpose of this motion, Defendants assume that the standards are co-extensive, but reserve the right to later argue the NYSHRL applies a more rigorous standard.

Cplt. ¶¶ 42-43. Plaintiff does not provide any factual support for what conduct this claim refers to, when that conduct occurred, or how it could act as a deterrent to engaging in protected activity. Plaintiff does not plead that he previously had any collegial or social relationship with any of the Defendants, that Plaintiff tried to engage with the Defendants and was rebuffed, that Defendants interfered with his work, or that Defendants took steps to undermine Plaintiff's social relationships with any other employee. Thus, Plaintiff has not pled facts to plausibly allege workplace isolation was a form of retaliatory conduct.

Plaintiff's allegation about Defendants sharing a video of Plaintiff is similarly vague and conclusory. Am. Cplt. ¶ 40. Plaintiff does not allege details about what the video showed, how it was allegedly edited, when it was circulated, or who specifically sent or received it. Plaintiff simply makes conclusory allegations that it was "malicious," "harmed the Plaintiff," and that it was intended to falsely suggest Plaintiff was engaging in an "inappropriate romantic relationship" with Zhao. Am. Cplt. ¶¶ 40-41. The lack of factual detail alleged about the video shows that Plaintiff failed to plead that its circulation was reasonably likely to deter a person from engaging in protected activity.

Further, Plaintiff fails to plead facts to suggest that either of those alleged acts were done in retaliation for Plaintiff's reporting on behalf of Zhao. The absence of any factual detail concerning Plaintiff's alleged workplace isolation make it impossible to say that the isolation was motivated by retaliatory animus. Any Defendant could have chosen not to speak to Plaintiff on any particular day for a variety of reasons. With respect to the alleged video, the Amended Complaint itself provides an alternate explanation for why it might be circulated unrelated to retaliation—the scandalous nature of Plaintiff, a married night-shift manager, potentially engaging in a romantic affair with a cashier. The Amended Complaint does not provide a factual basis to show these actions were taken due to retaliatory motive.

With respect to Plaintiff's termination, Plaintiff again pleads a non-retaliatory explanation for the action. Plaintiff alleges that during a call on March 9, 2022, that lasted 20-30 minutes, Mei was "complaining about a prior Health Department inspection," and called Plaintiff "useless." Am. Cplt. ¶¶ 48-49. These are both plain criticisms related to Plaintiff's job performance as a night-shift manager to prepare the store for an inspection and be productive. Plaintiff does not make any allegation that Mei made any negative comment about Plaintiff for his involvement with Zhao's harassment complaint at any time. Plaintiff alleged that he was "verbally harassed," but he does not provide any factual detail about what this alleged harassment entailed or whether the content of the alleged harassment was related to Plaintiff's protected activities. Am. Cplt. ¶ 46.These allegations provide no basis to suspect that Plaintiff's alleged termination occurred for any reason other than Plaintiff's poor work performance.

Additionally, the court should not credit Plaintiff's allegation that "Defendants discussed and advised that Plaintiff be terminated because he assisted Zhao in complaining about unlawful discriminatory sexual conduct," because Plaintiff provides absolutely no factual basis to support such a naked speculative and conclusory statement. Am. Cplt. ¶ 45. Plaintiff does not allege any factual detail about this alleged conversation, its participants, when it occurred, or where it was discussed. Most importantly, Plaintiff does not allege any facts about how he would have direct knowledge or other basis to believe this alleged conversation occurred. Indeed, Plaintiff does not allege that any of the Defendants spoke to him about Zhao or Plaintiff's reporting after the incident occurred. In fact, Plaintiff alleges that Defendants generally did not speak to him, making it far from apparent how Plaintiff would have knowledge of Defendants allegedly advising that he be terminated because he assisted Zhao in making a complaint. Thus, this allegation can only be understood as speculation that Defendants were somehow conspiring against him, which is not sufficient to defeat a motion to dismiss.

Plaintiff is also unable to plead a causal connection between protected activity and his termination because so much time had passed between the two. When a plaintiff seeks to make a retaliation claim based on mere temporal proximity, even under the NYCHRL standard, the protected activity and the adverse action must be "very close" in time. *Feliciano v. City of N.Y.*, 2015 WL 4393163, at *10 (S.D.N.Y. July 15, 2015) (quotations omitted). Courts regularly find that "temporal proximity ordinarily requires that the allegedly retaliatory act occur within two months of the plaintiff's protected activity." *Id.* (collecting cases). Here, Plaintiff's alleged termination was three months after his protected activity. Therefore, this is insufficient to plead a causal connection between protected activity and his termination.

For those reasons, the Amended Complaint fails to state a claim for retaliation under both the NYSHRL against the Company and NYCHRL against the Company and Mei.

### C.    Plaintiff Fails to Plead Aiding or Abetting Claims as to the Individual Defendants

Plaintiff's aiding and abetting claims under NYSHRL and NYCHRL fail against all Individual Defendants because Plaintiff fails to plead a predicate violation of the NYSHRL or NYCHRL, and they specifically fail with respect to Fen, Jiang, Chiang, and Chen because Plaintiff does not allege that they were actually involved in any alleged retaliatory conduct.

Because Plaintiff's retaliation claims fail for reasons explained above, Plaintiff's claims for aiding and abetting retaliation must also fail because they are derivative claims. "A precondition to a valid aiding and abetting claim under the NYSHRL or NYCHRL is a demonstration of a valid primary claim for discrimination or retaliation." *Rossbach v. Montefiore Med. Ctr.*, 2021 WL 930710, at *7 (S.D.N.Y. Mar. 11, 2021). Where a plaintiff "does not state a claim . . . on the part of any defendant, there is no predicate for aiding and abetting liability with respect to these claims." *Farmer v. Shake Shack Enters.*, 473 F. Supp. 3d 309, 337 (S.D.N.Y. 2020). Thus, Counts III and IV should be dismissed in full.

If any portion of Plaintiff's retaliation claims survive dismissal, which they should not, there would still be no basis for Plaintiff's aiding and abetting claims against Fen, Jiang, Chiang, and Chen because Plaintiff does not allege facts to plausibly suggest that they participated in retaliation. As a result, Count IV should still be dismissed in full, and if Count III is not dismissed in full, Count III must at least be dismissed against all Individual Defendants except Mei.

The language of the NYSHRL and the NYCHRL is identical as to aiding and abetting liability; both provide that "it shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or attempt to do so." N.Y. Exec. Law § 296(6); N.Y.C. Admin Code § 8-107(6); *see also Feingold v. New York*, 366 F.3d 138, 158 (2d Cir. 2004) ("[B]ecause the language of the two laws is virtually identical," the same standard governs aiding and abetting claims under the NYSHRL and NYCHRL). To state a claim for aider and abettor liability, "the pleadings must allege that [defendant] actually participate[d] in the conduct giving rise to" the claim. *Farmer*, 473 F. Supp. 3d at 337 (quotations omitted, alterations in original). A supervisor may also be held liable if they know of a violation of NYSHRL or NYCHRL and do not take action to remedy such behavior. *Feingold*, 366 F.3d at 158.

Plaintiff fails to plead facts to allege any involvement of Fen, Jiang, Chiang, and Chen in any alleged retaliatory action. Plaintiff specifically alleges that Mei was the person who terminated his employment, and Plaintiff does not allege that any other Defendant was part of this conversation. Am. Cplt. ¶¶ 48-49. Plaintiff's only allegation of actual participation by the other Individual Defendants in the termination decision is the highly speculative one that Defendants advised that Plaintiff be terminated. *Id.* ¶ 45. However, as explained above, this allegation should not be credited because it is unsupported by any factual detail or explanation of how Plaintiff has knowledge of this alleged conversation.

The allegation in Paragraph 45 of the Amended Complaint is also one of multiple improper group pleadings. *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (finding plaintiff failed to meet the pleading standard of FRCP 8 "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct"). While Plaintiff makes some specific allegations about Individual Defendants in the Amended Complaint, Plaintiff does not do so when describing who participated in the alleged retaliatory actions, aside from Mei's alleged call to terminate him. In those allegations, Plaintiff simply claims "Defendants" discussed and advised on Plaintiff's termination, that "Defendants" circulated a video about him, that "Defendants" ostracized him, or that a list of the Defendants "Chen, Chiang, [Jiang], and Fen" ignored Plaintiff. Am. Cplt. ¶¶ 40-43, 45. Plaintiff then brings aiding and abetting claims against Fen, Jiang, Chiang, and Chen without distinguishing their alleged conduct in any way. Am. Cplt. ¶¶ 71, 73-77, 80-81, 83-86. Thus, by relying on speculation and group pleadings, Plaintiff fails to allege any actual participation by Fen, Jiang, Chiang, or Chen in any retaliatory conduct.

Fen, Jiang, Chiang, and Chen also could not have aiding and abetting liability based on alleged supervisor status. Plaintiff's allegations that each of the Individual Defendants were managers, supervisors, or joint employers with the Company should not be credited because they are conclusory restatements of the factors of the economic realities test used to analyze joint employer status. *Compare* Am. Cplt. ¶¶ 9-13 *with Carter v. Dutchess Cnty. Cmty. Coll.*, 735 F.2d 8, 12, 12 n.3 (2d Cir. 1984). Yet, even if the other Individual Defendants were supervisors, they could not be held liable for aiding and abetting an alleged termination decision by Mei because Plaintiff pleads that Mei was above them in the hierarchy. Plaintiff alleges that none of the other Individual Defendants had the power to exercise operational control over Mei, and so there is no action they could have taken to stop Mei from allegedly terminating Plaintiff. Am. Cplt. ¶¶ 9-13. The Amended Complaint also does not allege that Fen, Jiang, Chiang, or Chen specifically had

any knowledge of another Defendant ostracizing Plaintiff or sharing videos about him. Thus, these Defendants could not be subject to aiding and abetting liability for that alleged conduct based on alleged supervisor status or actual participation.

For all of these reasons, Plaintiff is unable to state a claim for aiding and abetting liability against any of the Individual Defendants, and these claims should be dismissed.

## VI.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss the claims in the Amended Complaint, with prejudice, together with such other and further relief as this Court deems just and proper.

Dated:  December 4, 2025
       New York, New York

By: /s/ Kevin K. Yam
    Kevin K. Yam
    kyam@littler.com
    Vinay D. Patel
    vpatel@littler.com
    LITTLER MENDELSON, P.C.
    900 Third Avenue
    New York, New York 10022.3298
    Telephone:    212.583.9600

    *Attorneys for Defendants*
    *Chung Fat Supermarket Inc., Yue Mei Jiang, Xin Xin Chiang, Xinyu Jiang, and Xue Fen Jiang*

By: /s/ Terrence J. Worms
    Terrence J. Worms
    wormsesq@gmail.com
    LAW OFFICE OF TERRENCE J. WORMS
    38-08 Union Street Suite 12 B
    Flushing, NY 11354
    Telephone:  718.358.8787

    *Attorney for Defendant Zhi Liang Chen*