

**Littler Mendelson, P.C.**
900 Third Avenue
New York, New York 10022.3298

**Kevin K. Yam**
Shareholder
212.583.2674 direct
212.583.9600 main
kyam@littler.com

February 5, 2026

**VIA ECF**
Hon. Margo K. Brodie
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *Wang v. Chung Fat Supermarket Inc. et al.*, Case No. 25-CV-02236 (MKB) (CHK)

Dear Chief Judge Brodie:

This firm represents Defendants Chung Fat Supermarket Inc., Yue Mei Jiang, Xue Fen Jiang, Xinyu Jiang, and Xin Xin Chiang in the above-referenced action. Jointly with Defendant Zhi Liang Chen, we write to provide the Court with notice of a recent decision in the Eastern District of New York that is relevant to Defendants' pending motion to dismiss the Amended Complaint.

On February 3, 2026, District Judge Bulsara issued a Memorandum and Order in *William Barnickle v. Mather Hospital & Northwell Health Inc.*, Case No. 24-cv-6953-SJB-LGD, that granted the defendants' motion to dismiss with prejudice and denied leave to amend due to a statute of limitations defect based on CPLR § 203. A true and correct copy of Judge Bulsara's Memorandum and Order is attached hereto as **Exhibit A**.

In *Barnickle*, the plaintiff filed a Complaint asserting a single cause of action under the New York State Human Rights Law ("NYSHRL") for failure to accommodate his religious beliefs exactly three years after he was terminated, which was the last day that he could have asserted a timely NYSHRL claim. Ex. A, at 1-2, 4. However, the plaintiff did not submit a proposed summons until November 26, 2024, after which the Clerk of the Court issued the summons. *Id.* at 2. Applying the *Erie* doctrine, the Court explained that New York law determined the timeliness of the state law claim, and "New York law stops the statute of limitations clock when 'the claim is interposed.'" *Id*. at 4-5 (quoting CPLR § 203(a)). Judge Bulsara found that federal courts are required to apply the state rules on this issue because "[a] federal court could not give a state law claim 'longer life in the federal court than it would have had in the state court without adding something to the cause of action.'" *Id.* at 8 (quoting *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, at 533-34 (1949).

Because the *Barnickle* action was initiated by filing a complaint, rather than a summons with notice, it was governed by CPLR § 203(c) rather than CPLR § 203(b), which is at issue in

Hon. Margo K. Brodie
February 5, 2026
Page 2

Defendants' pending motion in this case. Pursuant to CPLR § 203(c), the claim in *Barnickle* was interposed when the action was "commenced," and pursuant to CPLR § 304(a), "An action is commenced by filing a summons and complaint or summons with notice . . . ." Ex. A, at 5. Consequently, the Court found that the plaintiff's claim was time-barred because he did not file the complaint *and* the summons within the three-year limitations period to timely interpose his claim. Ex. A, at 12.

Judge Bulsara also clarified that while FRCP 3 establishes that an action is "commenced" under federal law with the filing of a complaint, "Rule 3 does not define commencement in the context of statutes of limitations," and does not toll state statutes of limitations based on Supreme Court precedent. Ex. A, at 7-9 (analyzing *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530 (1949) and *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980)).

The *Barnickle* case demonstrates that in the present case, CPLR § 203 is the relevant provision for determining whether Plaintiff's state and city law claims were timely interposed. If the Court finds that Plaintiff's Summons with Notice failed to interpose his claims against Defendants under CPLR § 203(b), the relevant limitations date would be the date that the complaint and summons were filed, pursuant to CPLR § 203(c). Because the original complaint and summons were not both filed until July 2025, more than three years after Plaintiff's retaliation claims accrued, Plaintiff's retaliation claims are time-barred. As a result, they should be dismissed with prejudice and without leave to amend.

Sincerely,

*/s/ Kevin K. Yam*

Kevin K. Yam