UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

SHENGMENG WANG,

Plaintiff,

v.

CHUNG FAT SUPERMARKET INC., YUE MEI JIANG, ZHI LIANG CHEN, XUE FENG JIANG, XINYU JIANG, AND XIN XIN CHIANG,

Defendants.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
25-CV-2236 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Shengmeng Wang commenced the above-captioned action against Defendants Chung Fat Supermarket Inc. ("Chung Fat"), Yue Mei Jiang, Zhi Liang Chen, Xue Feng Jiang, Xinyu Jiang, and Xin Xin Chiang, in the Supreme Court of the State of New York, Queens County, on March 6, 2025. (Summons with Notice, annexed to Notice of Removal as Ex. A, Docket Entry No. 1-1.) Plaintiff asserted claims under the New York Labor Law ("NYLL"), the New York State Human Rights Law ("NYSHRL"), common-law tort theories, and 26 U.S.C. § 7434[1] — Plaintiff also asserted claims "for other related causes of action." (*Id.*) On April 22, 2025, Defendants removed the case to this Court by invoking federal question jurisdiction. (Notice of Removal ¶ 10, Docket Entry No. 1.) On July 15, 2025, Plaintiff filed a Complaint asserting that Defendants violated the overtime and wage notice provisions of the NYLL, 26 U.S.C. § 7434, the NYSHRL and the New York City Human Rights Law ("NYCHRL"), by

[1] 26 U.S.C. § 7434 provides civil damages for the fraudulent filing of information returns. An "information return" is a return or statement required under specified provisions of the Internal Revenue Code to report tax-related information. 26 U.S.C. § 6724(d)(1)).

retaliating against Plaintiff.[2] (Compl., Docket Entry No. 14.) On November 4, 2025, Plaintiff filed an Amended Complaint alleging retaliation claims under the NYSHRL and NYCHRL. (*See* Am. Compl., Docket Entry No. 39.)

On February 2, 2026, Defendants moved to dismiss the Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Plaintiff opposed the motion.[3] For the reasons explained below, the Court grants Defendants motion.

## I. Background

### a. Plaintiff's employment at Chung Fat

Plaintiff is a resident of Queens County, New York. (Am. Compl. ¶ 2.) Chung Fat is a domestic corporation organized under the laws of New York, and it operates "Chung Fat Supermarket" located at 41-82 Main Street, Flushing, NY 11354. (*Id.* ¶ 3.) Defendants Chen, Feng,[4] Xinyu and Chiang are residents of Queens County, New York. (*Id.* ¶¶ 4, 6–8.) Defendant Yue is a resident of Nassau County, New York. (*Id.* ¶ 5.) Plaintiff asserts that "[a]t

[2] On September 8, 2025, the parties notified the Court that they were engaged in arbitration with regard to Plaintiff's 26 U.S.C. § 7434 and NYLL wage claims, (Sep. 2025 Ltr., Docket Entry No. 35), and on October 10, 2025, requested that the Court stay these claims while they engaged in arbitration, (Oct. 10, 2025 Ltr., Docket Entry No. 37). The parties requested that the Court retain jurisdiction over Plaintiff's NYSHRL and NYCHRL retaliation claims and agreed that Plaintiff would file an amended complaint as to these claims. (*Id.*) On October 14, 2025, the Court granted the parties requests. (Order dated Oct. 14, 2025.)

[3] (Defs.' Joint Mot. to Dismiss ("Defs.' Mot."), Docket Entry No. 46; Defs.' Mem. in Supp. of Defs.' Mot. ("Defs.' Mem."), Docket Entry No. 47; Pl.'s Opp'n to Defs.' Mot. ("Pl.'s Opp'n"), Docket Entry No. 51; Defs.' Reply in Supp. of Defs.' Mot. ("Defs.' Reply"), Docket Entry No. 50.) On February 5, 2026, Defendants filed a notice of supplemental authority to which Plaintiff responded. (Defs.' Notice of Suppl. Auth. ("Defs.' Suppl."), Docket Entry No. 52; Pl.'s Resp. to Defs.' Suppl., Docket Entry No. 53; Defs.' Resp. to Pl.'s Resp. to Defs.' Resp. ("Defs.' Resp."), Docket Entry No. 54.)

[4] The case caption on the Electronic Court Filing system lists a Xue Feng Jian. Plaintiff's papers refer to this defendant as Fen. The Court follows the name listed on the Electronic Court Filing system.

all times relevant to this action, Defendants were a joint employer and/or single integrated employer with respect to Plaintiff." (*Id.* ¶ 17.)

Plaintiff worked as a night-shift manager at Chung Fat from "on or about August 3, 2021, until on or about March 9, 2022." (*Id.* ¶ 23.) Plaintiff alleges that Yue "exercised operational control over all employees of Chung Fat . . . [and] had the power and authority to supervise and control the supervisors of Plaintiff, and could reprimand employees," (*id.* ¶ 9); Feng was the general manager of Chung Fat and "exercised operational control over all employees of Chung Fat except for Yue," (*id.* ¶¶ 10, 26); Xinyu "exercised operational control over all employees of Chung Fat except for Yue and Feng," (*id.* ¶ 11); Chen "exercised operational control over all employees of Chung Fat except for Yue, Feng and Xinyu," (*id.* ¶ 12); Chiang "exercised operational control over all employees of Chung Fat except for Yue, Feng, Xinyu, and Chen," (*id.* ¶ 13); and all Defendants "exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment," (*id.* ¶¶ 9–13).

**b. Plaintiff's retaliation allegations**

On December 11, 2021, a female cashier at Chung Fat "complained to Plaintiff that she had been subjected to unwanted sexual abuse, harassment, and physical groping by . . . Chen in the basement of the supermarket." (*Id.* ¶ 24.) Plaintiff suggested that the cashier report the incident to Feng, the general manager of Chung Fat, and accompanied the cashier to report the incident. (*Id.* ¶¶ 26–27.) After reporting the incident to Feng, Plaintiff called Yue and described the incident to Yue. (*Id.* ¶ 30.) Yue instructed Plaintiff to "bring [the cashier] to the basement and 'handle' the matter" but Plaintiff declined to do so, "stating that [the cashier] did not appear to be in the right mental space to return to the location where she had been sexually discriminated against." (*Id.* ¶ 31.) At the cashier's request, Plaintiff called the police and when

the police arrived, they attempted to arrest Chen, but he fled the scene. (*Id.* ¶¶ 35–36.) Plaintiff assisted the cashier with filing an incident report at the police precinct. (*Id.* ¶ 37.) According to Plaintiff, "Defendants (a) attempted to cover up the incident by directing Plaintiff to delete the security footage of the sexual assault — which he refused, and (b) intentionally subjected . . . Plaintiff to an unlawful campaign of patently vindictive retaliation for supporting the victim of sexual harassment." (*Id.* ¶ 39.) Plaintiff also alleges that "Defendants later circulated, shared, sent, and distributed the edited video surveillance footage to other supermarkets and managers . . . in order to falsely suggest that Plaintiff and [the cashier] were, prior to the [sexual assault] incident, engaging in an inappropriate romantic relationship." (*Id.* ¶ 40.)

Plaintiff alleges first, that "Defendants discussed and advised that Plaintiff be terminated because he assisted [the cashier] in complaining about unlawful discriminatory sexual conduct." (*Id.* ¶ 45.) Second, Plaintiff alleges that he "was verbally harassed and eventually terminated for pretextual reasons by Yue, on or about March 9, 2022," when "Yue called Plaintiff, and subjected him to a profanity-laced rant for about [twenty]–[thirty] minutes complaining about a prior Health Department inspection" that was not "within Plaintiff's job description." (*Id.* ¶¶ 46, 48–49.) Third, Plaintiff alleges that all Defendants "were aware that Plaintiff assisted [the cashier] in filing a complaint with Feng, filing a police report, refus[ed] to delete the video evidence, call[ed] 911, and escalat[ed] [the cashier's] complaints to [Yue]." (*Id.* ¶ 51.) Lastly, Plaintiff alleges that "Defendants' conduct violated the NYSHRL and NYCHRL, [which] prohibit[ed], *inter alia*, retaliation of those employees and persons engaging in protected activity as that term is defined by each statute." (*Id.* ¶ 52.)

## II. Discussion

### a. Standard of review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court "must 'construe [the complaint] liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiff['s] favor.'" *Singh v. Deloitte LLP*, 123 F.4th 88, 93 (2d Cir. 2024) (quoting *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021)); *see also Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) ("[The Second Circuit] review[s] *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002))). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Yerkyn v. Yakovlevich*, 164 F.4th 224, 231 (2d Cir. 2026) (quoting *id.*). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see Knapp v. Barclays PLC*, 171 F.4th 166, 170 (2d Cir. 2026) (quoting same); *Roe v. St. John's Univ.*, 91 F.4th 643, 651 (2d Cir. 2024) (quoting *Matson*, 631 F.3d at 63); *see also Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533, 544 (2d Cir. 2024) ("[T]he plaintiff's allegations must enable the court to reasonably infer that the defendant is liable for the alleged misconduct." (citing *Iqbal*, 556 U.S. at 678)), *cert. denied*, 146 S. Ct. 880 (2025); *Emilee Carpenter, LLC v. James*, 107 F.4th 92, 99 (2d Cir. 2024) ("[S]urviv[ing] a motion to dismiss . . . requires 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (quoting *Iqbal*, 556 U.S. at 678)). Although all allegations

contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see Roe*, 91 F.4th at 651 ("Although all factual allegations contained in the complaint are assumed to be true, this rule does not extend 'to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" (quoting *Iqbal*, 556 U.S. at 678)).

**b. Plaintiff's retaliation claims**

Defendants argue that the Court should dismiss Plaintiff's retaliation claims because of the expiration of the statute of limitations. (*See generally* Defs.' Mem.; Defs.' Reply.) First, Defendants argue that Plaintiff's Summons with Notice filed in state court was jurisdictionally defective and therefore did not toll the three-year statute of limitations for the NYSHRL and NYCHRL claims. (Defs.' Mem 5–8.) Second, Defendants argue that, even if the Summons with Notice was not jurisdictionally defective, Plaintiff failed to timely assert his retaliation claims under the New York Civil Practice Law & Rules ("N.Y. C.P.L.R."), and therefore the statute of limitations on the retaliation claims have expired. (*Id.* at 8–9.)

Plaintiff argues, first, that his Summons with Notice was sufficient to timely assert his retaliation claims because it alerted Defendants of the action and their right to remove the action from state to federal court. (Pl.'s Opp'n 6.) Second, Plaintiff contends that once Defendants removed the case to this Court, they were no longer required to abide by New York's procedural rules. (*Id.* at 13.)

"The lapse of a limitations period is an affirmative defense that a defendant must plead and prove." *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 149 (2d Cir. 2024), *cert. denied*, 145 S. Ct. 2792 (2025) (citation omitted). "A statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Conn. Gen. Life Ins. Co. v. BioHealth Lab'ys, Inc.*, 988 F.3d 127, 131–32 (2d Cir. 2021) (citation

omitted). "To the extent the defense requires 'consideration of facts outside of the complaint,' however, it is 'inappropriate to resolve' at the pleading stage." *Corley v. Rantab Enters. Inc.*, No. 25-84, 2025 WL 2741735, at *1 (2d Cir. Sep. 26, 2025) (summary order) (quoting *Michael Grecco Prods.*, 112 F.4th at 149–50).

"[I]t is beyond cavil that federal courts apply state limitations rules to state-law claims regardless of the jurisdictional circumstance." *Conn. Gen.*, 988 F.3d at 137; *see Brady v. IGS Realty Co. L.P.*, No. 20-3512, 2021 WL 4302737, at *2 (2d Cir. Sep. 22, 2021) (summary order) ("When plaintiffs bring state-law claims in federal court, 'the timeliness of those claims is also a matter of state law'" (quoting *id.* at 136)); *Barnickle v. Mather Hosp.*, No. 24-CV-6953, 2026 WL 279828, at *2 (E.D.N.Y. Feb. 3, 2026) ("New York law determines 'the timeliness of state law claims' as well as 'the related questions of what events serve to commence an action and to toll the statute of limitations.'" (quoting *Diffley v. Allied-Signal, Inc.*, 921 F.2d 421, 423 (2d Cir. 1990))), *appeal docketed*, No. 26-458 (2d Cir. Feb. 27, 2026); *Rzayeva v. United States*, 492 F. Supp. 2d 60, 85 (D. Conn. 2007) ("Where, as here, a federal court adjudicates state law claims, state statutes of limitations govern the timeliness of state law claims, and state law determines what events serve to commence an action." (first citing *Stephens v. Norwalk Hosp.*, 162 F. Supp. 2d 36, 38 (D. Conn. 2001), and then citing *Wilson v. Midway Games, Inc.*, 198 F. Supp. 2d 167, 174 (D. Conn. 2002))); *Aramony v. United Way of Am.*, No. 96-CV-3962, 1998 WL 205331, at *3 (S.D.N.Y. Apr. 27, 1998) ("It is well established that where a federal court is adjudicating state law claims, 'state statutes of limitations govern the timeliness of state law claims,' and state law 'determines the related questions of what events serve to commence an action and to toll the statute of limitations'" (quoting *Diffley*, 921 F.2d at 423)); *see also Kaufman v. Sirius XM Radio, Inc.*, 980 N.Y.S.2d 276 (Sup. Ct. 2013) ("'Where the timeliness of state law claims is at issue, a

federal court must look to the law of the relevant state to determine whether, and to what extent, the statute of limitations should be tolled by the filing of [an action] in another jurisdiction.'" (quoting *Matana v. Merkin*, 2013 WL 3940825, at *8 (S.D.N.Y. July 30, 2013))).

The statute of limitations for a NYSHRL or NYCHRL claim is three years. *See* N.Y. C.P.L.R. § 214(2), N.Y. Exec. L. § 297(5); N.Y.C. Admin. Code § 8-502(d); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007) ("[C]laims under the NYSHRL and the NYCHRL are time-barred unless filed within three years of the alleged discriminatory acts."); *Borden v. City of New York*, No. 23-CV-8330, 2025 WL 754147, at *5 (E.D.N.Y. Mar. 10, 2025) (quoting *Kassner*, 496 F.3d at 238); *McKenna v. Santander Inv. Sec., Inc.*, No. 21-CV-941, 2022 WL 2986588, at *6 (S.D.N.Y. July 28, 2022) (same). *See also Gala v. City of New York*, 216 N.Y.S.3d 892 (Sup. Ct. 2024) ("[A] cause of action for discrimination under the NYSHRL and the NYCHRL must be commenced within three years following the events leading to the claim." (quotation omitted) (alteration omitted)).

#### i. Plaintiff's Summons with Notice is jurisdictionally defective and does not toll the statute of limitations

Defendants argue that Plaintiff's Summons with Notice filed in state court did not provide them with sufficient notice of the retaliation claims, therefore the Summons with Notice was jurisdictionally defective and did not toll the NYSHRL and NYCHRL statute of limitations. (Defs.' Mem. 5–8.) First, Defendants argue that Plaintiff's Summons with Notice was "insufficient even to give notice" because the Summons with Notice "fail[ed] to specify the nature of Plaintiff's' potential claim under NYSHRL." (*Id.* at 7–8.) In support, Defendants contend that Plaintiff's reference to the NYSHRL was not sufficient to provide them with notice because the statute is broad and covers many possible claims. (*Id.*) Second, Plaintiff did not mention the NYCHRL in his Summons with Notice. (*Id.* at 6–7.) Third, Defendants contend

that Plaintiff's inclusion of the phrase "other related causes of action" is "far too vague to provide notice" that Plaintiff would be pursuing retaliation claims under the NYSHRL and NYCHRL. (*Id.* at 7.) Lastly, Defendants argue that Plaintiff provided a defective summons that was "overly general and vague in its description of the nature of the action, [and] it is a nullity that did not toll the statute of limitations . . . [which] expired by March 11, 2025." (*Id.* at 8.)

Plaintiff argues that the Summons with Notice was sufficient "because it did the job of stating enough information so as to alert [ ] [D]efendants of their ability and right to remove an action [from] state court — which they did." (Pl.'s Opp'n 6.) In support, Plaintiff contends that "[D]efendants . . . have sadly misrepresented the law of New York State regarding the contents of the statute notice that accompanied the summons. There was no need to state every cause of action or claim for relief and no need to go into any factual detail." (*Id.* at 10.)

In New York, a plaintiff is permitted to commence an action with a summons without a complaint, and if he does, the summons must provide adequate notice of the nature of the action. *See* N.Y. C.P.L.R. § 305(b) ("If the complaint is not served with the summons, the summons shall contain or have attached thereto a notice stating the nature of the action and the relief sought, and, except in an action for medical malpractice, the sum of money for which judgment may be taken in case of default."); *Brehm v. Tompkins Consol. Transit, Inc.*, No. 12-CV-579, 2013 WL 2898053, at *2 (N.D.N.Y. June 13, 2013) (quoting *id.*); *Parker v. Mack*, 61 N.Y.2d 114, 117 (1984) ("[T]he summons, when unaccompanied by a complaint, must itself or by an attachment furnish to the defendant . . . at least basic information concerning the nature of plaintiff's claim and the relief sought'" (citation and internal quotation marks omitted)); *see also* *Roth v. State Univ. of N.Y.*, No. 0116729/2006, 2007 WL 4298245, at *2 (Sup. Ct. Nov. 23, 2007) (quoting N.Y. C.P.L.R. § 305(b)), *aff'd*, 876 N.Y.S.2d 403, 404 (App. Div. 2009).

"[I]f a summons without a complaint contains an inadequate notice of the nature of the action and the relief demanded, the inadequate notice is grounds to dismiss the action." *Micro-Spy, Inc. v. Small*, 778 N.Y.S.2d 86, 89 (App. Div. 2004)); *see N.Y. State Workers' Comp. Bd. v. Episcopal Church Home & Affiliates, Inc.*, 193 N.Y.S.3d 823, 826 (App. Div. 2023) ("If the complaint is not served with the summons, [N.Y. C.P.L.R. §] 305(b) requires that it contain a notice stating the nature of the action. Failure to comply with this requirement is a jurisdictional defect mandating dismissal of the action.'" (quoting *Drummer v. Valeron Corp.*, 546 N.Y.S.2d 52, 53 (App. Div. 1989))); *Gilewicz v. Buffalo Gen. Psychiatric Phyciatric (SIC) Unit*, 988 N.Y.S.2d 334, 336 (App. Div. 2014) ("[I]f a complaint is not served with the summons, 'the summons shall contain or have attached thereto a notice stating the nature of the action and the relief sought.' The failure to comply with this requirement is a jurisdictional defect warranting dismissal of the action." (quoting N.Y. C.P.L.R. § 305(b))); *Cestaro v. Osorio*, 875 N.Y.S.2d 819 (Sup. Ct. 2008) (collecting cases and noting that "it is well settled that when a plaintiff fails to tender the requisite notice along with a summons not served with a complaint, the summons does not commence an action. This is because the failure to comply with [N.Y. C.P.L.R.] § 305(b) is tantamount to a jurisdictional defect mandating dismissal of an action." (citations omitted)); *Schwartz v. Comm'r of Fin. of City of New Y*ork, 570 N.Y.S.2d 914 (Sup. Ct. 1991) ("The complete absence in plaintiff's summons of the notice requirements contained in [N.Y. C.P.L.R.] § 305(b) was clearly a jurisdictional defect, which warranted dismissal."); *see also Sookul v. Oroboro, Inc.*, No. 24-CV-675, 2025 WL 1040637, at *1 (S.D.N.Y. Apr. 8, 2025) (directing the plaintiff to amend his proof of service as it was "unclear if th[e] notice was even served with the summons" and finding that if the notice had been served, it did not "adequately apprise [the d]efendant of the nature of the action against it" because under New York law, when the "'notice

on the summons . . . does nothing to inform defendant of the nature of the action . . . , the action must be dismissed.'" (quoting *Drummer*, 546 N.Y.S.2d at 53 (alterations in original))).

A defective notice is one which "fails to apprise the defendant of the essence of the claim" and it "is fatal to the action, for it fails to confer jurisdiction over a defendant and must be treated as a nullity." *Scaringi v. Elizabeth Broome Realty Corp*., 586 N.Y.S.2d 472, 474 (Sup. Ct. 1991), *aff'd*, 594 N.Y.S.2d 242 (App. Div. 1993); *see also Doe v. Roman Cath. Archdiocese of N.Y.*, 117 N.Y.S.3d 468 (Sup. Ct. 2019) ("It is elementary that the primary function of a pleading is to apprise an adverse party of the pleader's claim . . . [a]bsent such notice, a defendant is prejudiced by its inability to prepare a defense to the plaintiff's allegations." (alteration in original) (quoting *Cole v. Mandell Food Stores, Inc.*, 93 N.Y.2d 34, 40 (1999)). A summons dismissed for failure to comply with the notice requirements of N.Y. C.P.L.R. § 305(b) is "jurisdictionally defective" and cannot be amended. *Micro-Spy*, 778 N.Y.S.2d at 89 (quoting *Wells v. Mount Sinai Hosp. & Med. Ctr.*, 602 N.Y.S.2d 45, 45(App. Div. 1993))).

In New York, a summons with notice that includes cursory statements of a liability theory has been found sufficient to notify a defendant of a claim where "the causes of action stemming from the incident were plainly obvious." *Cordell v. Maximus, Inc*., No. E2019002952, 2020 WL 13357684, at *3 (Sup. Ct. Feb. 6, 2020); *see e.g.*, *Gilewicz*, 988 N.Y.S.2d at 336 (holding that a summons with notice that alleged medical malpractice, assault, and emotional distress was sufficient to apprise the defendant of constitutional violations); *Miller v. Cambria Car Wash, LLC*, 889 N.Y.S.2d 483, 483–84 (App. Div. 2009) (finding that the plaintiff's notice stating that the "nature of this action is to recover money damages for negligence; negligence per se" was sufficient); *Darrow v. Krzys*, 689 N.Y.S.2d 773, 774 (App. Div. 1999) (finding "negligence . . . resulting in personal injury and loss of spousal services" sufficient to provide

notice); *NGH Assocs., Ltd. v. United Parcel Serv., Inc.*, 842 N.Y.S.2d 896, 898 (Sup. Ct. 2007) (finding sufficient a summons with notice stating "that the nature of the action is for breach of contract, gross negligence and damage to the business reputation of the [p]laintiff").

However, "when the incident [is] complex with multiple potential causes of action or when the nature of the incident or causes of action [are] unclear, . . . [a] summons with notice that leaves the opposing party guessing as to the precise nature of the claim stated against it is jurisdictionally defective, having failed to secure jurisdiction over the person." *Cordell*, 2020 WL 13357684 at *3 (first citing *Drummer*, 546 N.Y.S.2d at 53; and then citing *Roth v. State Univ. of N.Y.*, 876 N.Y.S.2d 403, 404 (App. Div. 2009)); *see e.g.*, *Roth*, 876 N.Y.S.2d at 404 (affirming dismissal of a summons with notice that "described the nature of th[e] action as violations of federal, New York State, and New York City human rights laws, including but not limited to various named statutes" because "numerous potential causes of action may be brought under these statutes, the summons left [the] defendants to guess the precise claims against them" (internal citation marks omitted)); *Scaringi v. Elizabeth Broome Realty Corp.*, 594 N.Y.S.2d 242, 242 (App. Div. 1993) (finding that "defendants could not reasonably have been expected to ascertain the nature of the action from plaintiff's mere description" because it could "well encompass any number of potential causes of action"); *Drummer*, 546 N.Y.S.2d at 53 (finding that the notice failed to "inform the defendant that the action is one for negligence" where "the notice on the summons that plaintiff is seeking to recover for the acts and omissions of defendant, which were the proximate cause of plaintiff's injuries, [did] nothing to inform defendant of the nature of the action" and holding therefore the action must be dismissed).

The Summons with Notice that Plaintiff served on Defendants in state court is jurisdictionally defective and does not toll the statute of limitations because "numerous potential

causes of action may be brought under [the applicable] statutes." *Roth*, 876 N.Y.S.2d at 404. The Summons with Notice states "[t]he nature of this action is violations of New York Labor Law, violations of 26 [U.S.C.] § 7434, violations of NYSHRL, torts, and other related causes of action." (Summons with Notice.) This notice is insufficient because it did not alert Defendants that Plaintiff planned to assert retaliation claims against Defendants, and it did not mention NYCHRL. As a result, the Summons with Notice left Defendants "to guess the precise claims against them." *Roth*, 876 N.Y.S.2d at 404.

In *Roth*, 876 N.Y.S.2d at 404, a New York appellate court addressed a similar issue. The court reviewed a summons that described the nature of the action as "violations of federal, New York State, and New York City human rights laws, including but not limited to various named statutes." *Id.* The court held that "[s]ince numerous potential causes of action may be brought under these statutes, the summons left defendants to guess the precise claims against them." *Id.* In addition, the court held that "in thus failing to comply with the notice requirements of [N.Y. C.P.L.R.] [§] 305(b), the summons was jurisdictionally defective." *Id.* Like *Roth*, Plaintiff provides in general terms that Defendants violated the NYSHRL without providing notice of the specific causes of action, and Plaintiff fails to mention the NYCHRL in the Summons with Notice. Plaintiff's Summons with Notice states "[t]he nature of this action is violations of New York Labor Law, violations of 26 [U.S.C.] § 7434, violations of NYSHRL, torts, and other related causes of action." (Summons with Notice.) Under New York law, this notice is insufficient to provide Defendants with adequate notice of Plaintiff's retaliation claims because it leaves Defendants "to guess the precise claims against them." *See Scaringi*, 594 N.Y.S.2d at 242 (affirming dismissal of an action because "defendants could not reasonably have been expected to ascertain the nature of the action from plaintiff's mere description" as it could "well

encompass any number of potential causes of action"); *Drummer*, 546 N.Y.S.2d at 53 (dismissing an action because "the notice on the summons that plaintiff is seeking to recover for the acts and omissions of defendant, which were the proximate cause of plaintiff's injuries, [did] nothing to inform defendant of the nature of the action"); *see also Cordell*, 2020 WL 13357684, at *3 (citing *Roth*, 876 N.Y.S.2d 403, and holding that a plaintiff's notice was insufficient where the plaintiff provided notice stating that his action "sounds in violation of federal, New York State, and New York City Human Rights laws").

Plaintiff's argument that the Summons with Notice was sufficient "because it did the job of stating enough information so as to alert [ ] [D]efendants of their ability and right to remove an action [from] state court," (Pl.'s Opp'n 6), and "[t]here was no need to state every cause of action or claim for relief and no need to go into any factual detail," (*id.* at 10), is not supported by the relevant law.

The purpose of the summons with notice is not only to alert a defendant of his or her right to remove an action from state to federal court, but also to provide a defendant with enough information so that the defendant can take the appropriate steps to protect him or herself. *See Bloomingdale Rd. Judgement Recovery v. Wise*, 912 N.Y.S.2d 385, 389 (Sup. Ct. 2010) ("The purpose of the summons is to notify a defendant that plaintiff seeks a judgment against defendant so that a defendant may take such steps as may seem advisable to protect defendant's interests.'" (quoting *Niemiec v. Niemiec*, 688 N.Y.S.2d 432 (Sup. Ct. 1999))); *Malik v. Cukrowski*, 659 N.Y.S.2d 716, 717 (Civ. Ct. 1997) ("[T]he purpose of the summons is to apprise the defendant that the plaintiff seeks judgment against him so that he may take such steps as may seem advisable to protect his interests." (citation omitted)).

Plaintiff cites generally to the NYSHRL but there are many claims that can be brought

under the NYSHRL. The NYSHRL prohibits employment discrimination on a wide variety of basis including "age, race, creed, color, national origin, citizenship or immigration status, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence," and it also provides for retaliation, housing and public accommodation claims. *See generally* N.Y. Exec. L. § 296; *see also Maayah v. Fareva USA, Inc.*, No. 24-CV-4731, 2025 WL 1270347, at *5 (S.D.N.Y. Mar. 21, 2025) ("[T]he NYSHRL provides that it is 'an unlawful discriminatory practice' for an employer 'to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment' on the basis of an individual's 'age, race, creed, color, national origin, citizenship or immigration status, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence.'" (quoting *Id.*)), *report and recommendation adopted*, 2025 WL 1268867 (S.D.N.Y. May 1, 2025); *Sherman v. Fivesky LLC*, No. 19-CV-8015, 2020 WL 2136227, at *8 (S.D.N.Y. May 5, 2020) ("The NYSHRL makes it unlawful for an employer, 'because of an individual's . . . race, creed, [or] . . . sex . . . , to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.' It prohibits retaliation by making it unlawful for 'any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article.'" (quoting N.Y. Exec. L. § 296)). Plaintiff's Summons with Notice failed to alert Defendants that Plaintiff planned to bring retaliation claims against them. *See Scaringi*, 594 N.Y.S.2d at 242 (affirming dismissal where the "defendants could not reasonably have been

expected to ascertain the nature of the action . . . [as the plaintiff's notice] could well encompass any number of actions").

Plaintiff relies on *Stevens & Co., LLC v. Espat*,[5] to argue that a "a summons with notice need not enumerate every legal theory and go into the facts." (Pl.'s Opp'n 11 (citing No. 24-CV-5223, 2024 WL 4593645, at *3 (S.D.N.Y. Oct. 28, 2024))). Although a summons with notice is not required to list every legal theory, a summons with notice must provide sufficient information to allow a defendant to "take the necessary steps to protect the defendants' interests." *See Bloomingdale Rd. Judgement Recovery*, 912 N.Y.S.2d at 389. New York courts have found defective summons with notice like the one Plaintiff filed because they used general

[5] In *Stevens & Co., LLC v. Espat*, No. 24-CV-5223, 2024 WL 4593645, at *1 (S.D.N.Y. Oct. 28, 2024), the defendant moved to dismiss the action for lack of personal jurisdiction, improper service and failure to state a claim. The summons provided notice that the nature of the action was for "(i) Declaratory Judgment, (ii) Breach of Contract, (iii) Faithless Servant, and (iv) Attorney's Fees," and stated that "[t]he basis of this action arises out of and relates to the breach by [the d]efendant of his September 15, 2022 agreement with the [the p]laintiff." *Id.* at *2 (internal citations omitted) (first alteration in original). The plaintiff initiated the action by summons with notice in state court, the defendant removed the action to federal court, and the plaintiff subsequently filed a complaint in federal court. *Id.* at *1. The court considered "whether the absence of a complaint is proper grounds for a motion to dismiss for failure to state a claim." *Id.* at *2. The defendant argued "that the action should be dismissed because the [s]ummons does not contain facts plausibly supporting a claim as required by Federal Rule of Civil Procedure 8." *Id.* The court did not analyze the sufficiency of the notice under the N.Y. C.P.L.R. and instead determined that the absence of a complaint was not a basis to grant the motion to dismiss. *Id.* at *3-4. *Stevens & Co., LLC* is distinguishable because New York's courts have repeatedly held that a summons with notice that provides insufficient notice is a jurisdictional defect, but this issue was not litigated in *Stevens & Co*. *See Roth v. State Univ. of N.Y.*, 876 N.Y.S.2d 403, 404 (App. Div. 2009) (affirming dismissal of an action where "the summons described the nature of this action as violations of federal, New York State, and New York City human rights laws, including but not limited to various named statutes" because "numerous potential causes of action may be brought under these statutes, the summons left defendants to guess the precise claims against them."); *Cordell v. Maximus, Inc*., 2020 WL 13357684, at *3 (finding that plaintiff's notice was insufficient where the plaintiff provided notice stating that his action "sounds in violation of federal, New York State, and New York City Human Rights laws").

terms where there is the opportunity for multiple causes of action. *See Roth*, 876 N.Y.S.2d at 403 (affirming dismissal of an action where "the summons described the nature of this action as violations of federal, New York State, and New York City human rights laws, including but not limited to' various named statutes" because "numerous potential causes of action may be brought under these statutes, the summons left defendants to guess the precise claims against them." (internal quotation marks omitted)); *Cordell*, 2020 WL 13357684, at *3 (citing *Roth*, 876 N.Y.S.2d 403, and finding that the plaintiff's notice was insufficient where the plaintiff provided notice stating that his action "sounds in violation of federal, New York State, and New York City Human Rights laws").

Because Plaintiff alleges that he was employed at Chung Fat from August 31, 2021, until March 9, 2022, (Am. Compl. ¶¶ 23, 46), the three-year statute of limitations under the NYSHRL and NYCHRL expired on March 10, 2025,[6] and Plaintiff timely filed the Summons with Notice on March 6, 2025. (*See* Summons with Notice.) However, since the Summons with Notice was jurisdictionally defective because it failed to provide Defendants with adequate notice of Plaintiff's retaliation claims, the Summons with Notice did not toll the statute of limitations for the NYSHRL or NYCHRL claims. *See Wells*, 602 N.Y.S.2d at 45 ("We agree with the [lower] court that [the] plaintiff's filing of a summons that did not comply with the notice requirements

[6] Plaintiff's deadline for filing his Summons with Notice in compliance with the NYSHRL and NYCHRL statute of limitations was March 9, 2025, but because March 9, 2025, was a Sunday, the actual deadline was March 10, 2025, the next business day. *See Howard v. McDonald's Corp*., 216 N.Y.S.3d 545, 545 n.3 (Sup. Ct. 2024) (explaining that "General Construction Law § 25-a, which extends a deadline ending on a weekend or a holiday to the next business day, applies to the filing of legal papers."); *People ex rel. Lawson v. Warden, Rose M. Singer Ctr*., 5 N.Y.S.3d 852, 856 (Sup. Ct. 2015) ("[T]imely notice extends to the following business day when the date on which it falls is a weekend or public holiday." (citing General Construction Law § 25-a(1))); *Ralston v. Blum*, 432 N.Y.S.2d 46, 49 (Sup. Ct. 1980) ("When the last day to serve falls on a Sunday, a party's time to serve is extended to the next succeeding business day.").

of N.Y. C.P.L.R. [§] 305(b) [and] was jurisdictionally defective and consequently failed to toll the [s]tatute of [l]imitations"); *Byrne v. Fordham Univ*., 500 N.Y.S.2d 253, 255 (App. Div. 1986) ("The failure by a person bringing suit to comply with the notice requirements contained in section 305(b) of the [N.Y. C.P.L.R.] has consistently been held to constitute 'a jurisdictional defect which renders the summons insufficient not only for the purpose of taking a default judgment but also to obtain jurisdiction over the defendant and commence the action.'" (quoting *Frerk v. Mercy Hosp*., 470 N.Y.S.2d 673, 674 (App. Div. 1984))).

**ii. Plaintiff failed to timely assert his retaliation claims**

Defendants argue that in addition to the fact that the Summons with Notice was defective, even if the Court concluded it was not defective, Plaintiff failed to timely assert his retaliation claims under N.Y. C.P.L.R 203(b)(5)(i)[7] which provides for a sixty-day extension of the statute of limitations. Defendants argue that because Plaintiff filed the Complaint on July 15, 2025, the statute of limitations had already expired on the claims. (Defs.' Reply 6–7.) First, Defendants argue that "in order to be timely, because the Summons [with Notice] had been filed in state court, Plaintiff would have had to serve the Summons [with Notice] on or before May 9, 2025, sixty days after March 10, 2025," the date when the statute of limitations on his NYSHRL and NYCHRL claims would have expired. (Defs.' Mem. 9.) Second, Defendants argue that due to Plaintiff's failure to serve the Summons with Notice by May 10, 2025, "Plaintiff did not interpose the claims described in the Summons [with Notice] against any of the Defendants, and the statute of limitations continued to run until [Plaintiff] [ ] filed and served [the Complaint in federal court on] July [15], 2025." (*Id.*) Third, Defendants argue that the Court "is required to

[7] *See* N.Y. C.P.L.R. § 203(b)(5)(i) (providing a sixty-day extension to effect service after timely delivery of the summons to the appropriate county sheriff or, in New York City, the county clerk).

apply state court rules on this issue" otherwise the state law claim would have longer life in federal court than it would in state court.[8] (Defs.' Suppl. 2.)

Plaintiff argues first, that once Defendants removed the case to federal court, N.Y. C.P.L.R. § 203(b)(5)(i)'s sixty-day deadline became moot "and that service from that point was, and is to be conducted in accord[ance] with federal law, not state law." (Pl.'s Opp'n 13.) In support, Plaintiff first argues that to find otherwise "would have violated [28 U.S.C. §1446(d)]."[9] (*Id.* at 8.) Plaintiff argues that "[a]ccepting [ ][D]efendants' theory would mean that a complaint that fully satisfies Rule 8 [of the Federal Rules of Civil Procedure] could, nevertheless, 'fail to state a claim' based solely on an alleged obligation to serve state process after removal — a

---

[8] On February 5, 2026, Defendants filed a letter notifying the Court of the decision in *Barnickle v. Mather Hosp*., No. 24-CV-6953, 2026 WL 279828, at *1 (E.D.N.Y. Feb. 3, 2026), *appeal docketed*, No. 26-458 (2d Cir. Feb. 27, 2026), granting a motion to dismiss because the plaintiff failed to assert his NYSHRL claim for failure to accommodate his religious beliefs under N.Y. C.P.L.R. § 203 and as a result, the statute of limitations expired. (*See* Defs.' Suppl.) Defendants argue that *Barnickle* "demonstrates that in the present case, N.Y. C.P.L.R. § 203 is the relevant provision for determining whether Plaintiff's state and city law claims were timely asserted." (*Id.* at 2.) By letter dated February 20, 2026, Plaintiff argued that the supplemental authority was untimely and distinguishable but did not distinguish the case. (Pl.'s Resp. to Defs.' Suppl.). The Court considers the supplemental authority provided by Defendants in analyzing this argument. *See DeSimone v. Select Portfolio Servicing, Inc*., No. 20-CV-3837, 2023 WL 6450236, at *4 (E.D.N.Y. Sep. 30, 2023) (quoting *Delgado v. Ocwen Loan Servicing, LLC*, No. 13-CV-4427, 2016 WL 4617159, at *7 (E.D.N.Y. Sep. 2, 2016) ("[i]t is fairly standard practice for parties to send letters or to otherwise file supplemental authority after briefing is complete.").

[9] Under 28 U.S.C. § 1446(d), once a defendant files a notice of removal in federal court, gives notice to the adverse parties, and files a copy with the state court, the action is removed and the state court may not proceed unless the case is remanded. *See De Dunker v. McNeil*, No. 24-CV-4640, 2024 WL 4826000, at *2 (S.D.N.Y. Nov. 19, 2024) ("The federal removal statute requires the following of a defendant seeking removal: 'Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such [s]tate court, which shall effect the removal and the [s]tate court shall proceed no further unless and until the case is remanded.'" (quoting 28 U.S.C. § 1446(d))); *Nasca v. ByteDance Ltd*., No. 24-CV-2061, 2024 WL 5630592, at *2 (E.D.N.Y. Apr. 26, 2024) (quoting same).

preposterous proposition that is unsupported by statute, rule, or case law." (*Id.* at 5.) Second, Plaintiff argues that "Defendants' attempt to obtain dismissal under Rule 12(b)(6) [of the Federal Rules of Civil Procedure], based on an alleged obligation to serve a state-court summons with notice after removal, is procedurally improper and devoid of legal support [because] Rule 12(b)(6) addresses the sufficiency of a plaintiff's claims — not service of process." (*Id.* at 13.) In summary, Plaintiff contends that "removal terminates the applicability of state procedural rules, and any uncompleted service must be effected pursuant to the Federal Rules of Civil Procedure." (*Id.* at 14.)

Under New York law, for statute of limitations purposes, "[a]ccrual of a cause of action and interposition of a claim . . . shall be computed from the time the cause of action accrued to the time the cause of action is interposed." N.Y. C.P.L.R. § 203(a); *McCoy v. Feinman*, 99 N.Y.2d 295, 300 (2002) ("Under the statute of limitations, the time within which a plaintiff must commence an action 'shall be computed from the time the cause of action accrued to the time the claim is interposed'" (quoting *id.*)); *New Millennium Med. Imaging, P.C. v. GEICO*, 175 N.Y.S.3d 421, 423 (Sup. Ct. 2022) (quoting the statute); *see also Ciccone v. Hersh*, 530 F. Supp. 2d 574, 579 (S.D.N.Y. 2008) ("The time within which an action 'must be commenced . . . shall be computed from the time the cause of action accrued to the time the claim is interposed.'" (alteration in original) (quoting same)), *aff'd*, 320 F. App'x 48 (2d Cir. 2009); *Polidoro v. Chubb Corp.*, 354 F. Supp. 2d 349, 356 (S.D.N.Y. 2005) ("The general rule is that the time period is measured 'from the time the cause of action accrued to the time the claim is interposed.'" (quoting same)).

When an action is commenced by service of summons, "a claim asserted in the complaint is interposed against the defendant . . . when [the summons] is filed with the clerk of that county

within the city of New York in which the defendant resides . . . provided that the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision." N.Y. C.P.L.R. § 203(b)(5)(i); *Lawson v. Rubin,* No. 17-CV-6404, 2018 WL 2012869, at *17 (E.D.N.Y. Apr. 29, 2018) ("[A]n action may be 'interposed' . . . through service . . .when 'the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision,' as long as the summons is 'filed with clerk of that county . . . in which the defendant resides, is employed or is doing business.'" (quoting *id.*)); *Accardi v. Tewell*, No. 90-CV-5419, 1992 WL 122771, at *2 (S.D.N.Y. May 27, 1992) ("The statute runs until the claim has been properly interposed by serving the complaint upon the defendant. Under New York law, the limitations period is extended sixty days by delivering the summons to the sheriff of the county outside of New York City or by filing the summons with the county clerk of the county within New York City where defendant resides, is employed, or is doing business."); *Cont'l Ins. Co. v. Narvaez*, 788 F. Supp. 711, 713 (E.D.N.Y. 1992) ("Section 203(b)(5) provides, in relevant part, that the defendant may be served with the summons within sixty days after the expiration of the statute of limitations if the following conditions are met before the limitations period has expired: if the cause of action arose in New York City, the summons must be filed with the [c]lerk of the county where the cause of action arose," and noting that "[i]t is well established that the sixty day extension provided for in section 203(b)(5) applies to actions in federal court."); *Scaringi*, 586 N.Y.S.2d at 473 ("[N.Y. C.P.L.R.] 203(b)(5)(i) provides that an action is commenced when "within New York City 'the summons' is filed with the [c]ounty [c]lerk of the [c]ounty 'in which the defendant resides, is employed or is doing business . . .' and then the summons 'is served upon the defendant' within [sixty] days of when the statute of limitations would otherwise have expired.'" (fourth alteration in original)

(quoting N.Y. C.P.L.R. 203(b)(5)(i))); *Byrne v. Fordham Univ*., 500 N.Y.S.2d 253, 255 (Sup. Ct. 1986) ("Section 203(b)(5) of the [N.Y. C.P.L.R.] states that a claim asserted in the complaint is interposed when the summons is filed with the clerk of the appropriate New York City county, provided that the defendant is then served within sixty days after the period of limitation would ordinarily have expired.").

Plaintiff failed to timely file the retaliation claims under N.Y. C.P.L.R. § 203(b)(5)(i) because Plaintiff did not file a proper summons with notice or a complaint with the retaliation claims by May 10, 2025, sixty days after the expiration of the additional time provided by N.Y. C.P.L.R. 203 § (b)(5)(i). Plaintiff filed a defective Summons with Notice on March 6, 2025, and although it was filed within the statute of limitations for his NYSHRL and NYCHRL claims, because it was defective, it did not toll the statute of limitations. (*See* Summons with Notice; *supra* Section II.b.i.) N.Y. C.P.L.R. 203 § (b)(5)(i) provided Plaintiff with an additional sixty-day extension of the period of limitations for Plaintiff to serve and file the appropriate documents for the NYSHRL and NYCHRL claims. Therefore, under this extension, Plaintiff had until May 10, 2025 to file a complaint or correct the Summons with Notice.[10] *See Somas v. Great Am. Ins.*

[10] Plaintiff argues that he effectuated service of the Complaint prior to the deadline set by this Court for the filing and service of the Complaint. Although the Court afforded Plaintiff additional time to file the Complaint, that order did not itself extend the state-law claim limitations period. *See Barnickle*, 2026 WL 279828, at *3 ("A federal court could not give a state law claim 'longer life in the federal court than it would have had in the state court without adding something to the cause of action.'" (quoting *Ragan v. Merchs. Transfer & Warehouse Co.*, 337 U.S. 530, 533-34 (1949))); *id.* (explaining that, for state-law claims, state rules governing commencement and the statute of limitations — not Federal Rule of Civil Procedure 3 — control (citing 4 Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 1057 (4th ed. 2025))); *see also Brady v. U.S. Airways Grp., Inc.*, No. 300-CV-828, 2001 WL 406327, at *1 (D. Conn. Apr. 4, 2001) (explaining that when a state law action is brought into federal court "the defendant must be actually served within the [applicable] statute of limitations. Filing the complaint with the court within the [applicable] period does not toll the statute of limitations" and finding the [the plaintiff's] reliance on Rule 4 of the Federal Rules of

*Co*., 501 F. Supp. 96, 96 (S.D.N.Y. 1980) ("In New York, N.Y. C.P.L.R. [§] 203(b)(5) grants plaintiff, in an action within New York City, the benefit of a sixty-day extension of the limitations period in which to serve defendant if plaintiff first files the complaint with the county clerk within the limitations period."); *see also Petrone v. S.S.K.S. Rest. Corp*., 510 N.Y.S.2d 178, 179 (1986) ("[N.Y. C.P.L.R. §] 203(b)(5) provides, *inter alia,* for a [sixty]-day extension of the period of limitations if '[t]he summons . . . is filed with the clerk of that county within the City of New York in which the defendant . . . if the defendant is a corporation . . . may be served or in which the cause of action arose." (alterations in original)). Plaintiff did not serve Defendants with a jurisdictionally competent summons and notice by May 10, 2025 and did not file the Complaint until July 15, 2025, over two months after the extended sixty-day statute of limitations expired. Therefore, under N.Y. C.P.L.R. § 203 (b)(5)(i), Plaintiff failed to timely assert his NYCHRL or NYCHRL retaliation claims against Defendants.

Plaintiff relies on *Vij v. Jhanjee*, No. 24-CV-1621, 2024 WL 1521298, at *3 (S.D.N.Y. Apr. 8, 2024), to argue that he "timely effected service in compliance with Rule 4 of the Federal Rules of Civil Procedure following removal." (Pl.'s Opp'n 9–10.) In *Vij*, the plaintiff initiated the action by summons with notice, and the defendants removed the action on the basis of federal question jurisdiction. *Vij*, 2024 WL 1521298, at *1. After the case was removed, the plaintiff filed a complaint in state court and subsequently asked the federal court to remand the case because the complaint did not include a federal question. *Id.* at *3. The court denied the

Civil Procedure's "120-day period for effectuating service, and the court's allowance of additional time to do so, [was] misplaced and unavailing. Because the complaint in this action was not served on [the defendant] within the two-year period as required by Connecticut law, the action is time barred under Connecticut law.")

plaintiff's request to remand the case because the summons with notice was the initial pleading, and it raised a federal question. *Id.* at *3. The *Vij* court relied on *Kane v. St. Raymond's Roman Cath. Church*, No. 14-CV-7028, 2015 WL 4270757, at *3 (S.D.N.Y. July 13, 2015) to support the argument that "[u]nder 28 U.S.C. § 1446(d), all state-court proceedings must cease once a notice of removal has been filed, unless and until the action is remanded to the state court." *Id.* The *Vij* court found that the plaintiff's summons with notice was the relevant filing and the case had been properly removed. *Id.* *Vij* is inapposite because it focuses on whether a case properly removed to federal court based on a summons with notice may be remanded on the ground that the plaintiff subsequently filed a complaint in state court after removal. However, the issue in this case is whether Plaintiff tolled New York's statute of limitations by serving an ineffective Summons with Notice and not timely filing a complaint. As explained *supra* Section b.i, Plaintiff failed to toll the statute of limitations because his Summons with Notice was jurisdictionally defective and Plaintiff failed to file a corrected Summons with Notice or complaint by May 10, 2025, within the N.Y. C.P.L.R. § 203(b)(5)(i)'s sixty-day statute of limitations extension. Accordingly, *Vij* is inapposite.

The Second Circuit has clarified that state statutes of limitations guide state claims in federal courts. *See Conn. Gen. Life Ins.*, 988 F.3d at 137 ("[I]t is beyond cavil that federal courts apply state limitations rules to state-law claims regardless of the jurisdictional circumstances."); *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102–03 (2d Cir. 2014) (applying a state statute of limitations to state-law claims over which the court had supplemental jurisdiction); *Castagna v. Luceno*, 744 F.3d 254, 256–59 (2d Cir. 2014) (same).

Plaintiff failed to assert his retaliation claims against Defendants within the sixty-day extension period of N.Y. C.P.L.R. § 203 (b)(5). *See William Ct.-White Hill Rd. Homeowners*

*Ass'n., Inc. v. N.Y. State Com'r of Mental Retardation & Developmental Disabilities*, 613 N.Y.S.2d 322, 326–27 (Sup. Ct. 1994) ("[Section] 203(b)(5) [ ] provides that the claim is interposed on filing of the summons with the county clerk where service of the summons is made on the defendant within sixty days after the period of limitations would have expired."). Accordingly, Plaintiff did not toll the applicable statute of limitations, and his retaliation claims against Defendants, filed beyond the sixty-day statute of limitations extension period, were untimely filed.

## III. Conclusion

For the foregoing reasons, the Court grants Defendants motion and dismisses Plaintiff's retaliation claims.

Dated: August 14, 2026
Brooklyn, New York

SO ORDERED:

/s/ MKB
MARGO K. BRODIE
United States District Judge