Littler

**Littler Mendelson, P.C.**
900 Third Avenue
New York, New York 10022.3298

Vinay D. Patel
Associate
212.583.2692 direct
212.583.9600 main
vpatel@littler.com

October 1, 2026

**VIA ECF**
Hon. Clay H. Kaminsky
U.S. Magistrate Judge
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Wang v. Chung Fat Supermarket Inc. et al.*, Case No. 25-CV-02236 (MKB) (CHK)

Dear Judge Kaminsky:

This firm represents Defendants Chung Fat Supermarket Inc., Yue Mei Jiang, Xue Fen Jiang, Xinyu Jiang, and Xin Xin Chiang in the above-referenced action. We write jointly with counsel for Plaintiff Shengmeng Wang and counsel for Defendant Zhi Liang Chen pursuant to Your Honor's September 8, 2026 Scheduling Order.

The parties propose the following two topics for the conference scheduled on Monday, October 5, 2026.

First, with respect to Plaintiff's claims brought in the original Complaint under the New York Labor Law and 26 U.S.C. § 7434, the parties would confirm that these claims remain stayed pending arbitration, pursuant to the Court's October 14, 2025 Order. To date, Plaintiff has not filed a demand for arbitration over these claims.

Second, Defendants request that the Court certify its August 14, 2026 Memorandum and Order granting their motion to dismiss Plaintiff's retaliation claims as a final order pursuant to Fed. R. Civ. P. 54(b). Plaintiff does not consent to this request.

<u>Defendants' Position</u>
The Memorandum and Order provides a final dismissal of Plaintiff's retaliation claims under the New York State Human Rights Law and New York City Human Rights Law, while the wage-and-hour claims remain active and stayed pending arbitration. Defendants' position is that there is "no just reason for delay" in entering a final judgment as to the retaliation claims. *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992). The retaliation claims are entirely separable from Plaintiff's remaining wage-and-hour claims because: (a) the only issues resolved by the Memorandum and Order are whether Plaintiff's retaliation claims were brought within the

NYSHRL and NYCHRL's 3-year statute of limitations, while Plaintiff's remaining claims use a 6-year statute of limitations;[1] (b) the wage-and-hour claims will be adjudicated in arbitration rather than before this court; and (c) the retaliation claims pertain to the circumstances around Plaintiff's termination while the wage-and-hour claims relate to Plaintiff's general job duties, wages, and related statements and notices. *See id.* at 1092-97 (finding Rule 54(b) certification appropriate when the finally decided claims were separable from the remaining claims). It would also create an unreasonable hardship for Defendants to have to wait until a final decision in arbitration and confirmation of that decision in this court at some undetermined point in the future before there can be a final resolution of the retaliation claims, particularly when the Court has deemed the retaliation claims untimely.

<u>Plaintiff's Position</u>

Plaintiff opposes Defendants' request for certification under Rule 54(b), which should be exercised sparingly in light of the "historic federal policy against piecemeal appeals." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310–12 (2d Cir. 2011) (holding Rule 54(b) certification inappropriate where immediate appeal would not serve the interests of sound judicial administration and efficiency). Here, Plaintiff's claims under the New York Labor Law and 26 U.S.C. § 7434 remain pending and are merely stayed pending arbitration, and certification of the dismissal of Plaintiff's retaliation claims would risk potential separate, piecemeal appellate proceedings and unnecessarily expend judicial resources in the event of possible arbitration disputes. (i.e. Defendants' failure to arbitrate resulting in further judicial action and possible appeal). As such, under Defendants' proposal, Plaintiff would be required to file a notice of appeal now from the dismissal of the retaliation claim and subsequently file another possible appeal on any arbitration issues. Separate, piecemeal appeals during a single litigation are often inefficient and thus contrary to the historic federal policy favoring one appeal on all issues at the conclusion of the lawsuit. *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8, 100 S. Ct. 1460, 1464-65, 64 L. Ed. 2d 1 (1980). Defendants have identified no hardship or injustice warranting immediate appellate review; accordingly, there is no reason to enter a partial final judgment before the remaining claims are resolved.

We thank the Court for its time and consideration of this matter.

Sincerely,

*/s/ Vinay D. Patel*

Vinay D. Patel

---

[1] N.Y. Exec. L. § 297(5) (providing a three-year statute of limitations for NYSHRL claims); N.Y.C. Admin. Code § 8-502(d) (providing a three-year statute of limitations for NYCHRL claims); 26 U.S.C. § 7434(c) (providing a six-year statute of limitations for claims under 26 U.S.C. § 7434); N.Y. Lab. L. § 198(3) (providing a six-year statute of limitations for claims of unpaid overtime and violations of NYLL §§ 195(1), 195(3)).